No. 97-015

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 2

IN THE MATTER OF W.G.,

a Youth.

APPEAL FROM: District Court of the Seventeenth Judicial District,

In and for the County of Blaine,

The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James W. Spangelo, Attorney at Law, Havre, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General,

Cregg W. Coughlin, Ass't Attorney General, Helena, Montana

Mark Harshman, Blaine County Attorney, Chinook, Montana

Submitted on Briefs: November 5, 1998

Decided: January 7, 1999

No

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court

**¶1. Defendant W.G. appeals from the judgment of the Seventeenth Judicial District Court, Blaine County, sentencing him pursuant to the Extended Jurisdiction Prosecution Act and imposing restitution.**

**¶2. We reverse and remand for resentencing.**

**¶3. We address the following issue:**

**¶4. Whether the District Court erred in sentencing W.G. under the Extended Jurisdiction Prosecution Act.**

Standard of Review

**¶5. We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. State v. Schnittgen (1996), 277 Mont. 291, 295-96, 922 P.2d 500, 503. We review the findings on which a district court's sentence is based to determine whether they are clearly erroneous. State v. Alden (1997), 282 Mont. 45, 49, 934 P.2d 210, 213.**

Factual and Procedural Background

**¶6. In April, 1996, a petition was filed in Youth Court, Blaine County, charging W.G. with two counts of Burglary, two counts of Criminal Mischief, and one count of Theft, all felony offenses. W.G. executed an Acknowledgment of Waiver of Rights by Plea of Guilty in July, 1996. In August, 1996 W.G. appeared in District Court and pled guilty to the charged offenses. A dispositional hearing was held in September, 1996. The District Court adjudicated W.G. a delinquent youth under § 45-5-103, MCA (1995), and found, on its own motion, that §§ 41-5-1102, MCA (1995) *et seq.*, the Extended Jurisdiction Prosecution Act (EJPA), applied in the present case. The**

District Court sentenced W.G. to a juvenile disposition and to a stayed adult disposition.

¶7. Under the juvenile disposition, the District Court sentenced W.G. to the custody of the Department of Corrections until his 21st birthday, leaving placement to the discretion of the Department of Corrections. The District Court ordered that W.G. be under supervised probation, that he attend a chemical dependency program, and that he pay one-half of a total $9,651.10 in restitution. The District Court ordered that W.G.'s mother pay the other half of the restitution, pursuant to § 41-5-523(1)(g), MCA (1995). The District Court also sentenced W.G. as an adult to five years prison for Count one, Burglary, and to five years prison for Count two, Burglary, concurrent with the sentence for Count one. The District Court stayed the execution of these sentences on condition that W.G. not violate his juvenile disposition or commit any new offenses.

Discussion

¶8. Whether the District Court erred in sentencing W.G. under the Extended Jurisdiction Prosecution Act.

¶9. W.G. argues that because this Court held the EJPA unconstitutional in Matter of S.L.M. (1997), 287 Mont. 23, 951 P.2d 1365, the case should be remanded with instructions to affirm the juvenile disposition and to strike the adult disposition. The State agrees that the EJPA was held unconstitutional in *Matter of S.L.M.*; however, the State argues that because W.G.'s sentence was imposed under the EJPA, his sentence must be reversed in its entirety and his case remanded for resentencing.

¶10. The Court held in *Matter of S.L.M.* that the EJPA violates the equal protection and rights of minors provisions of Montana's Constitution. *Matter of S.L.M.*, 287 Mont. at 39, 951 P.2d at 1375. The Court in *Matter of S.L.M.* determined that juveniles receive both juvenile and adult dispositions under the EJPA. Thus, if a juvenile were to violate the terms of his juvenile disposition, he would be subject to an adult disposition and to a longer term of imprisonment or detention than would an adult convicted of the same offense. The *Matter of S.L.M.* Court concluded that the EJPA, including its 1997 amendments, was unconstitu-tional because the State did not demonstrate that a compelling interest would be furthered by such unequal treatment of juveniles and adults, and because the EJPA did not provide juveniles

with increased protection. *Matter of S.L.M.*, 287 Mont. at 39, 951 P.2d at 1375.

**¶11. We conclude that both W.G.'s juvenile and adult dispositions must be struck. The record establishes that in sentencing W.G. under the EJPA, the District Court imposed W.G.'s juvenile disposition in conjunction with and in contemplation of the stayed adult sentence. We hold that the District Court erred in sentencing W.G. under the EJPA, and we remand for resentencing. If the District Court considers restitution on resentencing, it should do so pursuant to § 41-5-1521, MCA. Because this holding is dispositive, we do not reach W.G.'s arguments that the District Court failed to comply with the procedural requirements of the EJPA.**

**¶12. Reversed and remanded for resentencing.**

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER