Justice Jim Rice delivered the Opinion of the Court.
*778 ***285 ¶1 Michael Joe Thomas appeals his designation as a Persistent Felony Offender (PFO) for purposes of sentencing by the Thirteenth Judicial District Court, Yellowstone County, arguing the District Court lacked authority to sentence him under the 2015 PFO statute in effect at the time he committed his offense, and that he should have been sentenced under the 2017 amendments to the PFO statute. We affirm, and consider the following issue:
Did the District Court err by designating Thomas a PFO for ***286 sentencing purposes pursuant to § 46-18-501, MCA (2015)?
FACTUAL AND PROCEDURAL BACKGROUND
¶2 The State charged Thomas with felony driving under the influence of alcohol and other offenses alleged to have been committed on July 23, 2016. Based on a prior conviction for felony escape, the State filed a notice seeking designation of Thomas as a PFO under § 46-18-502, MCA (2015). In January 2017, a jury convicted Thomas of driving with a blood alcohol content above 0.08, fourth or subsequent offense, in violation of § 61-8-406(1)(a), MCA (2015), and acquitted him of an alternative charge. Thomas sought and was granted multiple continuances of his sentencing hearing, which was not conducted by the District Court until July 27, 2017.
¶3 Between the time of Thomas' offense and his sentencing, the 2017 Montana Legislature passed HB 133, which prospectively amended thirty-eight sections of the Montana Code Annotated and repealed three others. See 2017 Mont. Laws ch. 321. Most of HB 133's forty-four provisions addressed elements, definitions, or penalties of specific offenses. See 2017 Mont. Laws ch. 321, §§ 3-4, 6-22, 26-28, 31-39. Additionally, HB 133 changed the definition of a PFO. See 2017 Mont. Laws ch. 321, § 23. Under existing law, the State could seek a PFO designation if an offender had one prior felony conviction within five years of the commission of the present offense, or had been released from a commitment imposed for the prior felony conviction within the last five years. See § 46-18-501, MCA (2015). The Legislature repealed one of the two PFO definitional sections, § 46-18-501, MCA, and revised the other definition within § 46-1-202(18), MCA. See 2017 Mont. Laws ch. 321, §§ 23, 40. The new definition requires two predicate felony convictions before the State may seek a PFO designation, upon a third felony conviction. Further, one of the three felonies must be a sexual or violent offense. See § 46-1-202(18), MCA (2017). Regarding timing, the Act was made effective on July 1, 2017. Consistent therewith, the Act included a separate applicability provision, which provided the Act would apply "to offenses committed after June 30, 2017."
¶4 At Thomas' July 27, 2017 sentencing hearing, his counsel acknowledged there had been a legislative revision to the PFO statute, but did not argue the change applied to Thomas. The District Court sentenced Thomas as a PFO under § 46-18-501, MCA (2015), imposing a ten-year prison sentence with no time suspended.
***287 STANDARDS OF REVIEW
¶5 We review a criminal sentence imposing over one year of incarceration for legality. State v. Moore , 2012 MT 95, ¶ 10, 365 Mont. 13, 277 P.3d 1212. The District Court's designation of Thomas as a persistent felony offender is a question of law that we review for correctness. State v. Wilson , 279 Mont. 34, 37, 926 P.2d 712, 714 (1996).
DISCUSSION
¶6 Did the District Court err by designating Thomas a PFO for sentencing purposes pursuant to § 46-18-501, MCA (2015)?
¶7 Thomas challenges the District Court's application of the PFO definition under the 2015 statute to his sentence, arguing he was entitled to the ameliorative amendment of the PFO definition within the 2017 Act that became effective before he was sentenced. The State concedes Thomas would not qualify for designation as a PFO as defined under the 2017 Act, but argues that, because Thomas committed his felony DUI offense on July 23, 2016, "the ameliorative *779 effects of 2017 Mont. Laws, ch. 321 did not apply to him."[1]
¶8 In applying a statute, our purpose is to "ascertain the legislative intent and give effect to the legislative will[,]" S.L.H. v. State Comp. Mut. Ins. Fund , 2000 MT 362, ¶ 16, 303 Mont. 364, 15 P.3d 948, and our role "is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Diaz v. Blue Cross & Blue Shield , 2011 MT 322, ¶ 14, 363 Mont. 151, 267 P.3d 756 (internal quotations and citations omitted). Thus, legislative intent, in the first instance, is to be ascertained "from the plain meaning of the words used." Mont. Vending, Inc. v. Coca-Cola Bottling Co. of Mont. , 2003 MT 282, ¶ 21, 318 Mont. 1, 78 P.3d 499. "Where the plain language of the statute is clear and unambiguous, no further statutory interpretation is necessary." Diaz , ¶ 14 (internal citation omitted); State v. Stiffarm , 2011 MT 9, ¶ 12, 359 Mont. 116, 250 P.3d 300 ("a statute is to be construed according to its plain meaning, and if the language is clear and unambiguous, no further interpretation is required.").
***288 ¶9 The plain language of HB 133 clearly expresses the Legislature's intent regarding the timing of the Act's application. The sections at issue, 2017 Mont. Laws, ch. 321, §§ 43-44, state:
Section 43. Effective date. [This act] is effective July 1, 2017.
Section 44. Applicability. [This act] applies to offenses committed after June 30, 2017.
Section 43 provides a special effective date making the Act effective on July 1, 2017. 2017 Mont. Laws, ch. 321, § 43. Consistent therewith, Section 44 provides that the Act, in its entirety, will apply "to offenses committed after June 30, 2017." 2017 Mont. Laws, ch. 321, § 44 (emphasis added). Taken together, Sections 43 and 44 unquestionably provide that the revisions enacted by the Act would not apply to offenses committed prior to July 1, 2017.
¶10 The Legislature further ensured that offenses committed prior to July 1, 2017 would continue to be governed under existing law by expressly making all of the Act's provisions, including the provision repealing the existing PFO definition, applicable only to offenses that occurred after June 30, 2017 ("[This act] applies to offenses committed after June 30, 2017."). In other words, the repealer, as part of the Act, has no application or effect on statutes that govern offenses committed prior to July 1, 2017; rather, it operates to repeal those provisions only for offenses committed thereafter. Consequently, prior law remains effective for prior offenses. This contradicts Thomas' argument that "[n]othing in HB 133 expressly says to apply the old PFO designation when presently sentencing an offender for an offense committed before its effective date." To the contrary, the Legislature deliberately retained prior law for prior offenses by limiting the repeal of prior law to post-June 30, 2017 offenses. By doing so, the Legislature conformed HB 133 to the longstanding and often constitutionally necessary principle that "the law in effect at the time of the commission of the crime controls as to the possible sentence." State v. Finley , 276 Mont. 126, 147, 915 P.2d 208, 221 (1996) (overruled in part by State v. Gallagher , 2001 MT 39, ¶ 21, 304 Mont. 215, 19 P.3d 817 ).
¶11 Consequently, because Thomas committed felony DUI on July 23, 2016, well before the amendments enacted under HB 133 were made applicable to offenses, the ameliorative effects of the Act's revision of the PFO definition did not apply to him. Instead, the law in effect at the time of Thomas' offense-specifically here, the 2015 PFO definition-remained applicable, even though his sentencing occurred after the effective date of the Act itself. This is the plain and unambiguous "meaning of the words used." Mont. Vending, Inc. , ¶ 21.
*780 ***289 ¶12 Thomas nonetheless argues that because the Act "became effective" before he was sentenced, and the Act contained no savings clause, he is entitled to the benefit of the ameliorative PFO definition pursuant to our decision in Wilson , 279 Mont. 34, 926 P.2d 712. However, first, although HB 133 itself went into effect on July 1, 2017, the revisions therein never "became effective" upon Thomas' case because they were expressly limited to future cases, while prior law was retained for prior cases, as discussed above. Moreover, Wilson offers no support for Thomas because, unlike here, the Court there was presented with a legislative failure to "indicate under what law a defendant who committed a criminal offense prior to the repeal should be punished." Wilson , 279 Mont. at 40, 926 P.2d at 716. After Wilson's offense but prior to his sentencing, the Legislature repealed the statute permitting sentencing courts to designate a defendant a dangerous offender. Wilson , 279 Mont. at 41, 926 P.2d at 716. Unlike HB 133, the bill contained no provisions whatsoever governing the timing of its application, but simply repealed the former law outright. Relying on In re Estrada , 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948, 953 (1966), we held that, lacking any direction from the Legislature about application of the repealed statute to current cases, a savings clause would have been necessary to preserve the former law's application to Wilson and, thus, Wilson was entitled to the benefit of the outright repeal of the statute. Wilson , 279 Mont. at 40, 926 P.2d at 716. Estrada had likewise involved an amendment to a statute that, as in Wilson , "did not directly or indirectly indicate whether [a defendant] should be punished under the old law or the new one." Wilson , 279 Mont. at 40, 926 P.2d at 716 (quoting Estrada , 48 Cal.Rptr. 172, 408 P.2d at 953 ). In such situations, defendants are entitled to the ameliorative effects of the new legislation. See State v. Reams , 284 Mont. 448, 457, 945 P.2d 52, 58 (1997) ; State v. Kebble , 2015 MT 195, ¶¶ 49, 53, 380 Mont. 69, 353 P.3d 1175 (stating defendants entitled to the ameliorative effect of legislation absent legislative direction).
¶13 Significantly, here, the Legislature did not outright repeal the 2015 PFO designation, and did not fail to address the timing of the new Act's application. Rather, it limited the repeal of former law to post-June 30, 2017 cases, and coordinated the new provisions to apply only to those future cases. HB 133 did not suffer from the deficits for which we said in Wilson required a savings clause to preserve application of prior law to prior cases. While an explicit "savings clause" as an additional section of the bill would have been appropriate, the Legislature nonetheless provided the same content and direction by the ***290 manner it drafted the bill, clearly preserving application of the law then in effect to prior offenses. Contra Wilson , 279 Mont. at 40-41, 926 P.2d at 716 (vacating the dangerous offender designation because the statute authorizing that designation had been repealed, leaving "a clear absence of statutory authority to impose the dangerous offender designation."). Further, we have held that legislative drafting errors will not thwart the Legislature's clearly expressed intent. See State v. Heath , 2004 MT 126, ¶ 37, 321 Mont. 280, 90 P.3d 426.
¶14 By applying HB 133 to offenses according to the date of occurrence, rather than to the date of sentencing, the Legislature carefully avoided case processing pitfalls. If a more favorable PFO status had been made dependent upon a defendant's sentencing date, he would be incentivized to hinder and delay the process until the new law took effect. The Legislature avoided such difficulties by requiring application of the law in effect at the time the offense was committed, both before and after the Act went into effect. The District Court properly sentenced Thomas as a PFO pursuant to § 46-18-501 (2015), MCA.
¶15 Affirmed.
We concur:
LAURIE McKINNON, J.
DIRK M. SANDEFUR, J.
KAREN S. TOWNSEND, J.
District Court Judge Karen S. Townsend Sitting in for Justice Ingrid Gustafson

Although Thomas did not object to the application of the 2015 PFO statutes at his sentencing, we will review a criminal sentence on appeal despite a defendant's failure to object at sentencing if the defendant alleges the sentence is illegal or exceeds statutory mandates. See State v. Lenihan , 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979). We therefore address Thomas' claimed error.