FILED

07/14/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0074

DA 19-0074

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 178

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

ANTHONY SCOTT,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 18-109
Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Appellate Defender, Alexander H. Pyle, Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Jeffrey M. Doud, Assistant Attorney General, Helena, Montana

            Scott D. Twito, Yellowstone County Attorney, Victoria Callender, Deputy County Attorney, Billings, Montana

Submitted on Briefs:  May 27, 2020

Decided:  July 14, 2020

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Defendant and Appellant Anthony Scott (Scott) appeals from the written Judgment issued on November 29, 2018, by the Thirteenth Judicial District Court, Yellowstone County, designating Scott as a Persistent Felony Offender (PFO) and imposing an enhanced sentence under § 46-18-502, MCA, as a PFO.

¶2 We restate the issue on appeal as follows:

*Whether Scott's 1994 federal bank robbery conviction is reasonably equivalent to a Montana robbery conviction to qualify as a predicate violent offense under § 46-1-202(18), MCA, to impose a persistent felony offender sentence enhancement.*

¶3 We reverse and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On September 12, 2018, a jury convicted Scott of two counts of distributing dangerous drugs in September 2017. The State sought to designate Scott as a PFO based on two prior felony convictions—a 2014 conviction in Montana for burglary under § 45-5-401, MCA, and a 1994 federal conviction for bank robbery in violation of 18 U.S.C. § 2113(a). At sentencing, the argument assumed the PFO designation applied and that the District Court was required to impose a PFO sentence enhancement unless it found incarceration wholly inappropriate. The District Court did not find such and sentenced Scott to the minimum PFO sentence enhancement—five years at the Montana State Prison. The written judgment erroneously reflects Scott as a PFO for sentencing purposes under repealed statute § 46-18-501, MCA. Scott appeals the legality of his sentence and seeks resentencing.

2

**STANDARD OF REVIEW**

¶5    This Court reviews a criminal sentence imposing over a year of incarceration for legality. *State v. Thomas*, 2019 MT 155, ¶ 5, 396 Mont. 284, 445 P.3d 777. A PFO designation is a question of law which we review for correctness. *Thomas*, ¶ 5.

**DISCUSSION**

¶6    *Whether Scott's 1994 federal bank robbery conviction is reasonably equivalent to a Montana robbery conviction to qualify as a predicate violent offense under § 46-1-202(18), MCA, to impose a persistent felony offender sentence enhancement.*

¶7    Prior to July 1, 2017, all felony offenses could authorize a PFO sentence enhancement. Under the old law—§ 46-18-501, MCA, now repealed—the State could seek a PFO designation if an offender had one prior felony conviction within five years of the commission of the present offense, or had been released from a commitment imposed for the prior felony conviction within the last five years. In 2017, the Legislature repealed § 46-18-501, MCA, and revised the other definition of PFO found in § 46-1-202(18), MCA. The new PFO definition requires two predicate felony convictions before the State may seek a PFO designation upon a third felony conviction. Further, one of the three felonies must be a sexual or violent offense as defined in § 46-23-502, MCA. Section 46-1-202(18), MCA. The State concedes the 2017 version of the PFO statute applies to Scott's case and the District Court erroneously referenced the repealed statute in its written judgment.

¶8    Pursuant to the PFO definition contained in § 46-1-202(18), MCA (2017), in order to be designated a PFO, Scott must have two prior felony convictions occurring on dates other than the present offense; Scott must have either been convicted or released from

3

custody on one of the felony convictions within five years of his most recent conviction; and one of Scott's felony convictions must have been for a sexual or violent offense as those terms are defined under Montana law. Scott does not dispute he had two prior felony convictions. Scott agrees his 2014 burglary conviction occurred within five years of his convictions herein. The State concedes Scott's felony convictions do not qualify as a sexual offense. The remaining determination is whether either of Scott's prior felonies qualify as a violent offense.

¶9 The Legislature has provided a list of Montana offenses that qualify as violent offenses and the State concedes none of Scott's Montana offenses are on that list. *See* § 46-23-502, MCA. For an offense from another jurisdiction to qualify as a violent offense under Montana law, the offense must be "reasonably equivalent to" one of Montana's enumerated violent offenses under § 46-23-502(13), MCA. Scott asserts the only plausible violent offense to compare the bank robbery conviction to is robbery under § 45-5-401, MCA. The State concedes Scott is correct in this regard—"the only issue that must be resolved by this Court is whether Mr. Scott's federal bank robbery conviction is reasonably equivalent to a Montana robbery conviction to qualify as a predicate violent offense."

¶10 Scott argues his 1994 conviction under 18 U.S.C. § 2113(a) does not show him to have committed a violent offense but rather covers non-violent conduct akin to burglary. The State contrarily argues the bank robbery conviction is reasonably equivalent to Montana's robbery statute.

¶11   Section 45-5-401, MCA, provides:

(1) A person commits the offense of robbery if in the course of committing a theft, the person:

(a) inflicts bodily injury upon another;

(b) threatens to inflict bodily injury upon any person or purposely or knowingly puts any person in fear of immediate bodily injury; or

(c) commits or threatens immediately to commit any felony other than theft.

¶12   18 U.S.C. § 2113(a) provides:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny[.]

¶13   The State asserts Montana's robbery statute is broader than the federal bank robbery statute. In examining these statutes, we conclude bank robbery under the federal statute is not reasonably equivalent to robbery under § 45-5-401, MCA. Robbery under Montana law requires either a violent act, or threat of a violent act, or theft-plus—theft + another felony. Whereas, bank robbery under the federal statute only requires a felony be committed in a bank. In order to commit a non-violent robbery in Montana under § 45-5-

401(1)(c), MCA, a person must "in the course of committing a theft . . . commit[] or threaten[] immediately to commit any felony other than theft." Bank robbery, however, only requires entering the bank and committing any felony affecting such bank, thus making the federal statute on its face different than Montana's robbery statute. By way of example, if an individual enters a jewelry store with the intent to steal a $1,600 watch, under Montana law, that individual cannot be convicted of robbery under § 45-5-401, MCA, because the individual did not commit a separate felony in the course of committing the theft of the watch. However, if an individual enters a bank with the intent to steal a $1,600 watch from a safety deposit box in essentially the same manner, that alone is sufficient to convict that individual of bank robbery under 18 U.S.C. § 2113(a) because he or she entered the bank with the intent to commit "any felony." A person does not have to actually commit a felony offense under the federal bank robbery statute, whereas, to be convicted of robbery under Montana law, a person has to actually commit a felony offense. Thus, the federal bank robbery statute is not reasonably equivalent to the offense of robbery under Montana law.

¶14    The Dissent misconstrues the issues on appeal. Scott asserts his sentence to be illegal as the District Court designated Scott as a PFO using a repealed and inapplicable PFO definition, which the State concedes. The District Court cited to repealed statute § 46-18-501, MCA, and did not consider the new PFO definition and how it related to the State's PFO notice. Although the State asserted Scott objected to the PFO notice on procedural rather than substantive grounds, it did not argue Scott waived his right to

6

challenge the PFO designation and legality of his sentence.[1] Rather, the State argued the District Court's error to be harmless—arguing 18 U.S.C. § 2113(a), on its face, was reasonably equivalent to § 45-5-401, MCA, such that Scott's sentence was legal. Further, the State's amended PFO notice did not set forth the violent conduct it was required to prove when it sought to use an offense which we have found not to be reasonably equivalent to Montana's robbery statute to impose a PFO sentence enhancement. Scott conceded his previous convictions existed, he did not concede the issue of whether those convictions made him eligible for a PFO sentence enhancement.

¶15 While we find that on its face the federal bank robbery statute is not reasonably equivalent to Montana's robbery statute, the federal bank robbery statute does—in part—prohibit violent conduct which could potentially be used as a predicate offense for a PFO sentence in Montana. In this case, however, the State presented no evidence that Scott's 1994 federal bank robbery conviction was for any kind of violent conduct and merely presented the District Court with the December 16, 1994 Judgment showing Scott was indeed convicted of federal bank robbery in the Eastern District of Washington—a fact which Scott has not denied. Consequently, for the District Court to legally have the authority to designate Scott as a PFO, the State must have proven that Scott's federal bank robbery involved violent conduct. The State never attempted to prove such a thing,

---

[1] Perhaps had the District Court not cited a repealed statute as authority or had not used the prior PFO definition to designate Scott a PFO, it would have made that argument, but instead the State conceded error.

however, and therefore there was no evidence before the District Court that Scott had been convicted of a previous sexual or violent offense as required by § 46-1-202(18), MCA, for the PFO designation to apply. The District Court was without power to designate Scott a PFO because, as we have repeatedly held, "[a] district court 'has no power to impose a sentence in the absence of specific statutory authority.'" *State v. Beam*, 2020 MT 156, ¶ 9, 400 Mont. 278, ___ P.3d ___ (quoting *State v. Hatfield*, 256 Mont. 340, 346, 846 P.2d 1025, 1029 (1993)).

¶16    "'Persistent felony offender' means an offender who has previously been convicted of two separate felonies and who is presently being sentenced for a third felony committed on a different occasion than either of the first two felonies. At least one of the three felonies must be a sexual offense or a violent offense as those terms are defined in 46-23-502." Section 46-1-202(18), MCA. The State has the power to designate a defendant as a PFO, and generally must inform the defendant it intends to seek a PFO designation at or before the omnibus hearing. Section 46-13-108(1), MCA. If a defendant objects to the allegations found in the State's PFO notice, the presiding judge "shall conduct a hearing to determine if the allegations in the notice are true." Section 46-13-108(3), MCA. In this case, Scott did object to the State's PFO notice, arguing the State did not have good cause to file the notice after the omnibus hearing. The District Court ultimately found good cause for the late notice during the sentencing hearing and sentenced Scott as a PFO.

¶17    While Scott objected to the State's PFO notice on timeliness grounds, he admitted that he had indeed been convicted of both the 2014 Montana burglary and 1994 federal

bank robbery. He did not, however, admit to any violent conduct in the commission of the bank robbery which could potentially permit the offense to be considered to be reasonably equivalent to the offense of robbery or any other violent crime prescribed by § 46-23-502(13), MCA.[2] The District Court did not inquire further into the circumstances of either offense and the State brought forth no evidence other than the simple fact of Scott's convictions for those offenses. The State's predicate "violent offense" of federal bank robbery was based on a statute which is not reasonably equivalent to Montana's robbery statute—an enumerated offense eligible for PFO treatment. The State therefore had a burden to demonstrate Scott's federal bank robbery conviction was a violent offense due to its own circumstances and could not simply rely on the conviction itself. Much like it

---

[2] In 2017, the Montana Legislature changed the definition of a PFO. 2017 Mont. Laws ch. 321, §§ 23, 40. The Legislature's ameliorative revisions to the PFO definition included requiring at least two previous felonies to qualify for a PFO designation—raising the threshold from one— and, relevant here, further requiring that at least one of the felonies at issue "must be a sexual offense or a violent offense as those terms are defined in 46-23-502." Section 46-1-202(18), MCA (2017). Due to the 2017 revisions to the PFO statutes, there is now also a heightened burden for the State to demonstrate that a defendant has committed a "sexual or violent offense" before a PFO designation may be imposed. While we have previously articulated what could be termed an "object or lose it" approach to challenges to PFO designations, see State v. Shults, 2006 MT 100, ¶ 22, 332 Mont. 130, 136 P.3d 507, such an approach was taken when the State merely needed to provide a reliable criminal history record showing a defendant had been previously convicted of a felony. In this case, Scott readily admitted to both of his previous felony convictions set forth by the State in its PFO notice. He did not, however, admit to any violent conduct and neither offense put forth by the State in its notice was, on its face, a sexual or violent offense. On appeal, Scott has—correctly—alleged his sentence was illegal because the District Court relied on the State's notice that did not establish Scott had committed a sexual or violent offense and then used a repealed statute and inapplicable PFO definition as authority for imposition of a PFO enhancement. We have previously noted that "we will review a criminal sentence on appeal despite a defendant's failure to object at sentencing if the defendant alleges the sentence is illegal or exceeds statutory mandates." Thomas, ¶ 7 n.1 (citing State v. Lenihan, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979)). We therefore find Scott has not waived his right to challenge the PFO designation imposed by the District Court.

9

is the State's obligation to bring a defendant to trial and a defendant has no obligation to bring himself to trial under a speedy trial analysis, *State v. Zimmerman*, 2014 MT 173, ¶ 27, 375 Mont. 374, 328 P.3d 1132, a defendant has no obligation to set forth the sexual or violent circumstances of his prior convictions for purposes of a PFO designation. It is the State who must prove that a previous conviction involved sexual or violent conduct.

¶18 Because we review PFO designations for correctness as a matter of law, *Thomas*, ¶ 5, we cannot uphold a PFO designation based on a silent record such as the one here.

¶19 As we conclude Scott's 1994 bank robbery conviction was not reasonably equivalent to robbery under Montana law, it may not be used as a predicate violent offense under § 46-1-202(18), MCA, to impose a persistent felony offender sentence enhancement, and it is appropriate to reverse and remand to the District Court for resentencing.

## CONCLUSION

¶20 Scott's 1994 federal bank robbery conviction is not reasonably equivalent to the offense of robbery under Montana law and may not be used as a predicate violent offense under § 46-1-202(18), MCA, to impose a persistent felony offender sentence enhancement.

¶21 Reversed and remanded for resentencing.

/S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR

10

Justice Beth Baker, specially concurring

¶22 I join Paragraphs 28 through 30 of Justice Rice's Dissent. I agree with his analysis of the state and federal robbery statutes and would conclude, as he does, that a PFO notice citing a conviction under 18 U.S.C. § 2113(a), without more, does not establish that the conviction involved a violent offense reasonably equivalent to robbery under § 45-5-401, MCA. Dissent, ¶ 30. But I concur with the Court that Scott's challenge is to the legality of his sentence, and we should consider it on the merits. In that case, the PFO designation fails because the State did not provide record information about the particulars of Scott's conviction under § 2113(a).

/S/ BETH BAKER

Justice Rice, dissenting.

¶23 The objection Scott raised to the State's notice of intent to seek a PFO designation was that the notice was untimely filed and, further, he expressly clarified within his objection that "*Scott does not object to the underlying merits* of the State's PFO Notice at this time." (emphasis added). Neither did Scott ever expand his objection to include a challenge to the merits of the PFO designation, specifically, the use of his federal bank robbery conviction as a predicate offense. As the State notes, "[a]t sentencing, counsel for Mr. Scott, again, did not challenge the Court's ability to designate Mr. Scott as a PFO. Rather he only challenged the timeliness of the State's notice of its intent to seek a PFO

11

designation."[1]  Consequently, the State was never notified of a concern over the federal bank robbery conviction.  Likewise, the District Court, which denied Scott's timeliness objection, was never presented with the issue raised on appeal about the predicate offense, and never ruled on it.

¶24  "The purpose for providing [a PFO] notice is to give the defendant *an opportunity to file an objection to the criminal record relied upon* in the notice and to hold a hearing should there be any such objection."  *State v. Shults*, 2006 MT 100, ¶ 22, 332 Mont. 130, 136 P.3d 507 (citing *State v. McQuiston*, 277 Mont. 397, 408, 922 P.2d 519, 526 (1996)) (emphasis added).  "[I]f a defendant had ample opportunity to object to PFO treatment, *including the underlying charge on which the statute is based*, and that defendant was not prejudiced by the timing of the filing, we will not overturn a district court's decision to impose a sentence with a PFO designation."  *Shults*, ¶ 22; *see also State v. Dodson*, 2009 MT 419, ¶¶ 53-54, 354 Mont. 28, 221 P.3d 687.  We recently reasoned about a defendant's failure to challenge an underlying conviction:

> The purpose of the PFO notice statute is to provide a defendant *with the opportunity to challenge the previous conviction. . . .*  Martin was afforded such an opportunity.  *See [State v.] Gallagher*, [2005 MT 336, ¶ 32, 330 Mont. 65, 125 P.3d 1141]; *[State v.] Minez*, [2003 MT 344, ¶ 39, 318 Mont. 478, 82 P.3d 1].  Martin knew of his previous felony conviction, that he was designated a PFO for that previous felony conviction, and that this was the conviction upon which the State was seeking a PFO designation in the current case.  Martin did not object to that previous PFO designation, and *he did not contest the validity of the underlying conviction*.

---

[1] Although the State's briefing comments on Scott's failure to object to the merits of the PFO designation, it does not further articulate an argument that he failed to preserve the issue.

*State v. Martin*, 2019 MT 44, ¶ 24, 394 Mont. 351, 435 P.3d 73 (emphasis added).

¶25 The Court reverses Scott's PFO designation because "the State brought forth no evidence other than the simple fact of Scott's conviction[]" and thus failed "to demonstrate Scott's federal bank robbery conviction was a violent offense. . . ." Opinion, ¶ 17. However, the reason for the State's approach in the trial court is obvious: Scott explicitly conceded before the District Court that his federal conviction was an appropriate predicate offense. The Court also faults the District Court because it "did not inquire further into the circumstances" of the predicate offense. Opinion, ¶ 17. I disagree both with faulting the State for not responding, and the District Court for failing to inquire, to an issue Scott conceded.

¶26 Further, the Court's holding that Scott's objection to the *timeliness* of the State's PFO notice also preserved his new appellate challenge to the use of his federal conviction as a predicate offense, Opinion, ¶ 16, is contrary to our settled jurisprudence. "It is unfair to fault the trial court for failing to rule correctly on an issue it was never given an opportunity to consider." *Flowers v. Bd. of Personnel Appeals*, 2020 MT 150, ¶ 14, 400 Mont. 238, ___ P.3d ___ (citation omitted). The District Court was never given this opportunity here. For this reason, "[i]t is well-established we will not address an issue raised for the first time on appeal, *nor will we address a party's change in legal theory*. *Becker v. Rosebud Operating Servs.*, 2008 MT 285, ¶ 17, 345 Mont. 368, 191 P.3d 435." *City of Missoula v. Mt. Water Co.*, 2018 MT 114, ¶ 23, n.4, 391 Mont. 288, 417 P.3d 321)

13

(emphasis added). While we permit appellants to make "a change in emphasis, rather than an entirely new theory" on appeal, *In re M.W.*, 2012 MT 44, ¶ 14, 364 Mont. 211, 272 P.3d 112, Scott's argument here is not merely a change in emphasis regarding his procedural timeliness objection—it is an entirely new issue the District Court was never presented, and the State was never given an opportunity to answer. I would not reverse Scott's PFO designation because of his concession of the issue before the District Court.

¶27 In response to this Dissent, the Court offers that the 2017 PFO statutory revisions has imposed a new "heightened burden for the State to demonstrate that a defendant has committed a 'sexual or violent offense' before a PFO may be imposed." Opinion, ¶ 17, n.2. However, even when an affirmative burden is held, a concession "relieve[s] the parties from the necessity of introducing evidence about the ultimate fact." *Fielder v. Fielder*, 266 Mont. 133, 142, 879 P.2d 675, 681 (1994). Scott did more than simply fail to object; he expressly advised the District Court he was not contesting "the merits" of the PFO notice that listed his federal conviction as a predicate offense. Such a concession relieved the State from its affirmative burden. This is the reason the Court reversed the Defendant's conviction in *State v. Zimmerman*, 2018 MT 94, ¶ 36, 391 Mont. 210, 417 P.3d 289—the District Court permitted the State to introduce evidence about the element to which Zimmerman had conceded, which was his previous convictions of DUI ("Zimmerman's stipulation would have established this necessary element of Aggravated DUI without incurring the prejudice of the jury being advised of the prior convictions.") Here, the error in citation to the statute by the District Court may have rendered Scott's sentence

14

reviewable for that correction, but it does not justify reopening issues that Scott conceded, because the effect of his concession was just as applicable under the 2017 PFO statute.

¶28 Regarding the merits, the Court concedes that 18 U.S.C. § 2113(a) "could potentially be used as a predicate offense for a PFO sentence in Montana," Opinion, ¶ 15, but seemingly holds broadly to the contrary: "we find on its face the federal bank robbery statute is not reasonably equivalent to Montana's robbery statute." Opinion, ¶ 15; "The State's predicate 'violent offense' of federal bank robbery was based on a statute which is not reasonably equivalent to Montana's robbery statute." Opinion, ¶ 17. I disagree, and believe 18 U.S.C. § 2113(a) encompasses criminal conduct that clearly makes it "reasonably equivalent" to Montana criminal statutes, which could serve as an appropriate predicate offense for a PFO designation. However, given the statute's unique construct, a federal conviction under subsection 2113(a) would require clarification concerning its specific nature in order to identify the Montana statute to which it is equivalent.

¶29 Because of the way 18 U.S.C. § 2113(a) was enacted and codified, it contains an amalgam of criminal concepts within the same subsection of the statute, and set forth in unnumbered paragraphs, which is evident from a reading of the statute. *See* recitation of § 2113(a), Opinion, ¶ 12. As explained by the U.S. Supreme Court in *Prince v. United States*, 352 U.S. 322, 325-26, 77 S. Ct. 403, 405 (1957), the statute was originally enacted in 1934 as the Bank Robbery Act, and included the first unnumbered paragraph of what is now subsection 2113(a), addressing bank crimes committed "by force and violence, or by intimidation." In 1937, the Attorney General asked that the Act be amended to address

15

"incongruous results" that had developed under the statute. *Prince*, 352 U.S. at 325. Specifically, the Attorney General cited the case of man who, while inside a bank, had taken possession of cash when a bank employee's attention was momentarily diverted, "without displaying any force or violence and without putting anyone in fear -- necessary elements of the crime of robbery," and requested the statute be amended to address this nonviolent bank crime. *Prince*, 352 U.S. at 326. As the Supreme Court explained about the history of the statute:

> The Act was amended accordingly to add other crimes *less serious than robbery*. Two *larceny* provisions were enacted: one for *thefts* of property exceeding $ 50, the other for lesser amounts. Congress further made it a crime to:
>
>> ". . . enter or attempt to *enter any bank, . . . with intent to commit* in such bank or building, or part thereof, so used, any felony or larceny . . . ."
>
> Robbery, entering and larceny were all placed in one paragraph of the 1937 Act.

*Prince*, 352 U.S. at 325 (emphasis added). The present structure of § 2113(a), in two unnumbered paragraphs, with the second unnumbered paragraph encompassing nonviolent bank crimes added to the statute, was accomplished as part of a 1948 revision to the Act. *Prince*, 352 U.S. at 326, n.5. Consequently, a simple citation to a defendant's conviction under 18 U.S.C. § 2113(a), without more, is insufficient to establish what kind of offense the defendant committed—whether violent robbery or a nonviolent, "less serious than robbery," crime—necessary to determine reasonable equivalence. *Prince*, 352 U.S. at 325. Thus, the concern is not that the federal robbery statute fails to be reasonably equivalent

16

"on its face," Opinion, ¶ 15, but rather, that the nature of a conviction under the federal statute must be identified so a proper inquiry can be made. Whether under either unnumbered paragraph, a conviction could be found to be reasonably equivalent to Montana offenses, and therefore, the federal statute does not facially lack equivalence.

¶30    Federal courts have repeatedly held for purposes of federal sentencing that a robbery conviction under § 2113(a) is a crime of violence. *See Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998) ("by definition, the crime of bank robbery includes as a necessary element the use of 'force and violence' or 'intimidation'. . . [defendant] is [thus] currently incarcerated for a 'crime of violence'"); *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016) ("armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another. . . .'") (citation omitted); *In re Sams*, 830 F.3d 1234,1239 (11th Cir. 2016) ("We agree with the Fourth Circuit's reasoning and hold now that a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence. . . ."). However, such convictions are under the "force," "violence," or "intimidation" provisions of the first unnumbered paragraph of § 2113(a). It also appears clear that a conviction under the second unnumbered paragraph of § 2113(a) for "less serious crimes than robbery," which does not contain elements of force or intimidation, is not a crime of violence, requiring that such convictions be assessed for reasonable equivalence by comparison to less serious state crimes, such as theft. Thus, it would be

17

necessary for the State to provide record information about the particulars of a defendant's conviction under § 2113(a), so that the proper inquiry could be undertaken.

¶31     Here, because of Scott's concession on this specific issue before the District Court, I would affirm the sentence.

/S/ JIM RICE

Chief Justice Mike McGrath joins in the dissenting Opinion of Justice Rice.

/S/ MIKE McGRATH