FILED

01/26/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0606

DA 19-0606

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 19N

IN THE MATTER OF

Z.L.,

     A Youth.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and For the County of Meagher, Cause No. DJ-17-01
Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Jim Lippert, Jim Lippert Attorney at Law, P.C., Big Timber, Montana

        For Appellee:

        Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

        Burt N. Hurwitz, Meagher County Attorney, White Sulphur Springs,
Montana

Submitted on Briefs:  January 6, 2021

Decided:  January 26, 2021

Filed:

                    _____
                           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Z.L. appeals from an August 20, 2019 Dispositional Judgment in the Montana Fourteenth Judicial District Youth Court, Meagher County, committing Z.L. to the custody of the Montana Department of Corrections (DOC) until the age of 21 and ordering Z.L. to register as a sexual offender pursuant to § 41-5-1513, MCA. We affirm.

¶3 On May 25, 2017, the State filed a Youth Court Petition alleging that Z.L. was a delinquent youth and had committed incest and sexual abuse of children between June 1, 2016, and January 28, 2017. Pursuant to a 2017 pretrial diversion agreement and consent decree, Z.L. pled true to the charges and formal proceedings in Youth Court were suspended. A psychosexual evaluation was conducted in September 2017, placing Z.L. in the moderate risk category for reoffending. In 2019, the State moved to reinstate the Youth Court Petition because it was no longer possible for Z.L. to complete sexual offender treatment—a condition of the diversion agreement—before the expiration of the consent decree on Z.L.'s 18th birthday. Z.L. stipulated to the reinstatement, as his reportedly "manipulative and other delinquent behaviors" at treatment had made him ineligible to graduate from the program.

¶4     At an August 2019 dispositional hearing, the State asked that Z.L. be designated a level-two sexual offender, based on the 2017 psychosexual evaluation, and be ordered to register as a sexual offender. Z.L.'s counsel argued for designating Z.L. as a level-one sexual offender, claiming that the 2017 psychosexual evaluation might no longer be accurate. Counsel also argued that Z.L. should not be required to register as a sexual offender. He stated that Z.L. would request an updated evaluation before his transfer hearing to be held prior to Z.L.'s 18th birthday.

¶5     The Youth Court committed Z.L. to DOC custody until age 21 and designated Z.L. a level-two sexual offender with a moderate risk to reoffend. The Youth Court also applied the prior version of the sexual offender registration statute, despite the parties' positions to the contrary, as Z.L. had committed the offending acts before the effective date of the new statute. The Youth Court ruled that Z.L. failed to carry his burden of showing that registration as a sexual offender was not appropriate, as required under the prior version of the statute. This appeal followed.

¶6     On appeal, Z.L. argues that the Youth Court erred by applying the version of the statute that was in place at the time of the offense, which required Z.L. to demonstrate that registration was not appropriate. Z.L. also argues that he was entitled to a more recently-conducted psychosexual evaluation prior to disposition.

¶7     We review a district court's conclusions of law for correctness. *In re W.G.*, 1999 MT 2, ¶ 5, 293 Mont. 16, 973 P.2d 217. We review sentences of less than one year of incarceration for legality and for an abuse of discretion. *State v. Herd*, 2004 MT 85, ¶ 22, 320 Mont. 490, 87 P.3d 1017.

¶8 A person convicted of sexual abuse of children is required to register as a sexual offender. Sections 46-23-502(9), -504(1), MCA. Under the 2015 version of the Youth Court Act, a court may:

> exempt the youth from the duty to register if the court finds that:
> (i) the youth has not previously been found to have committed or been adjudicated for a sexual offense, as defined in 46-23-502; and
> (ii) registration is not necessary for protection of the public and that relief from registration is in the public's best interest.

Section 41-5-1513(1)(d), MCA (2015). In 2017, the provision was modified to read:

> the youth is exempt from the duty to register as a sexual offender pursuant to Title 46, chapter 23, part 5, unless the court finds that:
> (i) the youth has previously been found to have committed or been adjudicated for a sexual offense, as defined in 46-23-502; or
> (ii) registration is necessary for protection of the public and that registration is in the public's best interest.

Section 41-5-1513(1)(d), MCA (2017).

¶9 In essence, the 2017 amendment reversed the presumption from one in favor of registration to one against registration, moving the burden from the juvenile to the State. The amendment contained an applicability date providing that the act "applies to offenses committed on or after [the effective date of this act]." 2017 Mont. Laws ch. 208, § 2 (brackets in original). The amendment became effective on October 1, 2017. Z.L. committed his offenses between June 1, 2016, and January 28, 2017, before the date of applicability chosen by the Legislature. Under the Legislature's plain language, Z.L. was not eligible to claim the benefit of the 2017 edition of the law, which applied only to conduct occurring after October 1, 2017.

4

¶10 Defendants may receive the benefit of a repeal or amendment of a sentencing statute before sentencing where the Legislature provided no guidance regarding the applicability of the change to current cases. *See State v. Wilson*, 279 Mont. 34, 40, 926 P.2d 712, 716 (1996) (citing *In re Estrada*, 408 P.2d 948, 953 (Cal. 1965)); *see also State v. Thomas*, 2019 MT 155, ¶ 12, 396 Mont. 284, 445 P.3d 777. However, where the statutory plain language unambiguously demonstrates the Legislature's intent to apply these amendments only to offenses occurring after a specified date, the Court's inquiry is completed. *See Thomas*, ¶ 10 (holding that defendant could not claim benefit of amendment to sentencing statute stating that it "applies to offenses committed after June 30, 2017" for crimes committed before that date).

¶11 The amendment at issue here clearly states that the amendment applies to offenses committed after October 1, 2017. *Thomas* applies.

¶12 Z.L. also argues that the psychosexual evaluation conducted two years before the disposition hearing was insufficient under § 41-5-1513(2)(a), MCA, which provides that the court shall, "prior to disposition, order a psychosexual evaluation." However, arguments not raised at the trial court level are deemed waived on appeal. *State v. Martinez*, 2003 MT 65, ¶ 17, 314 Mont. 434, 67 P.3d 307. Z.L. concedes that he did not specifically argue below that the requirements of § 41-5-1513(2)(a), MCA, had not been met. Z.L. instead points to counsel's argument before the Youth Court that it should not rely on the two-year-old evaluation for purposes of determining the proper tier designation for Z.L. However, arguing that an evaluation's age should render it less persuasive as a matter of evidentiary weight is not the same as arguing that it fails to meet statutory

requirements. Z.L. does not argue that the sentence was illegal rather than merely objectionable and is therefore not entitled to the *Lenihan* exception for challenging sentences not objected to below. *See State v. Kotwicki*, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 832 (citing *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979)). Because this issue was not preserved, we do not address it here.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE