FILED

07/06/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0310

DA 20-0310

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 170N

CLINTON TODD SPROLES,

　　　　Petitioner and Appellant,

　v.

STATE OF MONTANA,

　　　　Respondent and Appellee.

APPEAL FROM:　District Court of the Second Judicial District,
　　　　In and For the County of Butte/Silver Bow, Cause No. DV 20-63
　　　　Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　Clinton Todd Sproles, Self-represented, Deer Lodge, Montana

　　　　For Appellee:

　　　　　　Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
　　　　　　Attorney General, Helena, Montana

　　　　　　Eileen Joyce, Silver Bow County Attorney, Kelli Fivey, Deputy County
　　　　　　Attorney, Butte, Montana

Submitted on Briefs:　April 14, 2021

Decided:　July 6, 2021

Filed:

_____
　　　　　　　Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition will be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Petitioner/Appellant Clinton Todd Sproles (Sproles) appeals the May 2020 judgment of the Montana Second Judicial District Court, Silver Bow County, denying his February 2020 petition for postconviction relief from his December 2017 conviction on the offense of felony Driving Under the Influence (DUI) in violation of § 61-8-401, MCA. We affirm.

¶3 Following his arrest in Silver Bow County on February 25, 2017, the State charged Sproles with felony DUI by Information filed March 16, 2017. At the time, Sproles had twenty prior DUI convictions from 1980 through 2008. Upon his district court arraignment on April 6, 2017, he pled guilty as charged. Later that day, the State filed a notice of intent to seek treatment of him as a "persistent felony offender" (PFO), as defined and provided by §§ 46-1-202(18)(a), (b)(ii) and previously by § 46-18-501, MCA (2015), based on his July 2016 release from prison on parole on his last felony DUI conviction in 2008.

¶4 Prior to sentencing, Sproles filed a motion to strike the State's PFO notice as untimely under § 46-13-108(1), MCA (requiring notice of intent to seek PFO treatment "at or before the [pretrial] omnibus hearing" provided by § 46-13-110, MCA). The motion further asserted that the recent ameliorative revision of the PFO scheme by the 2017

Legislature[1] should retroactively apply, rather than the 2015 PFO statutes in effect at the time of his commission of the offense and subsequent guilty plea. In response to Sproles' informal *pro se* request to the court following a hearing on his motion to strike the PFO notice, the District Court conducted another hearing, this time affording him the opportunity to withdraw his guilty plea. However, at the hearing, he twice unequivocally stated that, after consulting with his counsel, he no longer desired to withdraw his plea. After the District Court later issued a written order denying his motion to strike the PFO notice, sentencing proceeded, and the Court sentenced Sproles as a PFO to a 25-year prison term in accordance with the 2015 PFO statutes. Sproles subsequently appealed based on the sole assertion that he was erroneously sentenced as a PFO under the 2015 PFO statutes, rather than the 2017 PFO statutes. *See State v. Sproles* (*Sproles I*), 2019 MT 197N, ¶¶ 5-7, 397 Mont. 553, 455 P.3d 444. We affirmed, however, holding that he was correctly sentenced as a PFO under the 2015 PFO statutes. *Sproles I*, ¶¶ 5-7 (citing *State v. Thomas*, 2019 MT 155, ¶¶ 9-10, 396 Mont. 284, 445 P.3d 777).

¶5     In October 2019, Sproles filed a district court petition for postconviction relief from his 2017 conviction pursuant to Title 46, chapter 21, MCA. The petition asserted four separate claims for relief: (1) "actual innocence"; (2) that the district court erroneously sentenced him as a PFO based on a procedurally untimely PFO notice; (3) ineffective assistance of trial and appellate counsel; and (4) "insufficiency of the evidence" on the

---

[1] *See* 2017 Mont. Laws ch. 321, §§ 23, 29, and 40 (codified as §§ 46-1-202(18) and 46-18-502, MCA (2017) and repealing § 46-18-501, MCA (2015)).

3

elements of the convicted offense. However, the District Court summarily denied the petition pursuant to § 46-21-201(1)(a), MCA (implicitly authorizing summary dismissal if the petition, case files, and case records "conclusively show that the petitioner is not entitled to relief"). The court specifically denied the PFO claim based on the procedural bar of § 46-21-105(2), MCA. Sproles timely appealed *pro se* on the sole asserted ground that the District Court erroneously denied his PFO claim that he was illegally or otherwise erroneously sentenced as a PFO on his 2017 conviction based on a procedurally untimely PFO notice in violation of § 46-13-108(1), MCA (requiring notice of intent to seek PFO treatment "at or before the [pretrial] omnibus hearing" provided by § 46-13-110, MCA).

¶6      Under Montana law, postconviction relief is an available remedy for "[a] person adjud[icated] guilty of an offense in a court of record" based on a "violation of the constitution or the laws of this state or the constitution of the United States" and who "has no adequate remedy of appeal." Section 46-21-101(1), MCA. However, as pertinent here, assertions of error for which the petitioner was "afforded the opportunity for" "direct appeal" and which "were or could reasonably have been raised on direct appeal may not be raised, considered, or decided" on petition for postconviction relief. Section 46-21-105(2), MCA. A district court may summarily deny and dismiss a PCR petition without response or hearing if the petition and case "files and records" "conclusively show that the petitioner is not entitled to relief." *See* § 46-21-201(1)(a), MCA; *Herman v. State*, 2006 MT 7, ¶ 15, 330 Mont. 267, 127 P.3d 422.

¶7 Here, the question of whether Sproles was illegally or otherwise erroneously sentenced as a PFO on his 2017 felony DUI conviction based on a procedurally untimely PFO notice in violation of § 46-13-108(1), MCA, was a mixed question of fact and law subject to review on direct appeal. *See* § 46-20-104, MCA, and M. R. App. P. 6(1) and (2). He availed himself of his right to appeal but, for whatever reason, did not raise this appealable issue. *Sproles I*, ¶¶ 5-7. We accordingly hold that the District Court correctly denied Sproles' PCR claim, regarding the timeliness and validity of the State's PFO notice, pursuant to the procedural bar of §§ 46-21-105(2) and -201(1)(a), MCA.

¶8 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. The case title, cause number, and disposition will be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶9 Affirmed.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE