FILED

07/27/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0287

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0287

FILED

JUL 27 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

EUGENE ALLEN LINWOOD, JR.,

Petitioner,

v.

JIM SALMONSEN, Warden Montana
State Prison, and ED FOLEY,

Respondents.

ORDER

Eugene Allen Linwood, Jr., argues that his sentence is illegal in his Petition for Writ of Habeas Corpus because it was imposed after the repeal of the persistent felony offender (PFO) statute, § 46-18-501, MCA. In compliance with this Court's June 11, 2021 Order, the Attorney General for the State of Montana responds that Linwood's Petition should be denied.

Linwood is serving a twenty-year sentence with fifteen years suspended after being convicted in four criminal cases in the Thirteenth Judicial District Court, Yellowstone County. Linwood entered pleas of guilty in exchange for dismissal of the PFO designation in two cases. He pleaded guilty to felony theft in Cause No. DC 17-1266, the sentence at issue, and he received a ten-year term with five years suspended along with the PFO designation. His other convictions include two counts of felony criminal possession of dangerous drugs and felony forgery (common scheme).

Linwood challenges his PFO designation along with the requirement to register as a violent offender. Linwood states that on May 31, 2018, the District Court "sentenced him as a PFO for a bank robbery conviction." He further states that "[t]he sentence and written judgment of May 31, 2018[,] is clearly after the repealed statute in [his mentioned] cases . . . using the repealed Mont. Code Ann. § 46-18-501, MCA." Citing to *State v. Scott*, Linwood adds that he sought redress in the District Court explaining that the PFO statute

was repealed in 2017, yet it was applied to his sentence for felony theft. 2020 MT 178, 400 Mont. 394, 467 P.3d 595.

The State points out that the 2017 version of Montana's statutes does not apply to Linwood because the 2015 version does. *See State v. Thomas*, 2019 MT 155, ¶¶ 4, 11, 396 Mont. 284, 445 P.3d 777 (the District Court sentenced Thomas as a PFO under § 6-18-501, MCA (2015), because he committed the offense of theft on July 23, 2016). *See also* § 46-18-202(18), MCA (2015). The State explains that defendant Thomas committed his offense prior to July 1, 2017, and that similarly, Petitioner Linwood committed his felony offense of theft prior to July 1, 2017, or the effective date of the amended § 46-18-501, MCA. The State provides that Linwood has a pending motion challenging his requirement to register as a violent offender in the District Court. The State concludes that Linwood's Petition should be denied for two reasons: (1) the 2015 PFO statutes apply to him, and (2) the District Court is the appropriate place to consider his objection about registration, not through a petition for habeas corpus relief. *See* § 46-23-506, MCA, and *Graves v. Kirkegard*, No. OP 13-0778, 2014 Mont. LEXIS 208 Order (Jan. 28, 2014) (*citing State v. Mount*, 2003 MT 275, ¶ 89, 317 Mont. 481, 78 P.3d 829 ("The Sexual or Violent Offender Registration Act is a non-punitive civil regulation.")).

We find the State's arguments persuasive. "In 2017, the Legislature repealed § 46-18-501, MCA, and revised the other definition of PFO found in § 46-1-202(18), MCA." *Scott*, ¶ 7. As we explained, however, in *Thomas*, "Section 44 [Applicability] provides that the Act, in its entirety, will apply "to offenses committed *after* June 30, 2017." *Thomas*, ¶ 9 (quoting 2017 Mont. Laws, ch. 321, § 44 (emphasis added)). Linwood committed the offense of felony theft on April 22, 2017, in Yellowstone County. We point out that he does not have a conviction for bank robbery. The 2015 version of the PFO statutes applies to him because the offense occurred before the Act's effective date and the sentencing date is not relevant. *Thomas*, ¶ 14. Linwood has not demonstrated an illegal sentence or illegal incarceration. *Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186.

2

IT IS ORDERED that Linwood's Petition for Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Eugene Allen Linwood, Jr., personally.

DATED this ___ day of July, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3