FILED

06/16/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0180

DA 18-0180

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 156

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JAMEISON BEAM,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DC-2012-161
                Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Appellate Defender, Koan Mercer, Assistant Appellate
                Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Damon Martin, Assistant
                Attorney General, Helena, Montana

                Marty Lambert, Gallatin County Attorney, Bozeman, Montana

                        Submitted on Briefs:  February 12, 2020

                                    Decided:  June 16, 2020

Filed:

                          _____
                                  Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Jameison Beam (Beam) appeals from a Judgment entered in the Eighteenth Judicial District Court, Gallatin County, revoking the suspended portion of his 2014 sentence. We reverse.

¶2 Beam raises the following dispositive issue for our review:

*Did the District Court err in revoking Beam's suspended sentence for failing to complete sex offender treatment while in prison where the treatment condition of Beam's suspended sentence did not specify when treatment was to be completed?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3 After pleading guilty to sexual intercourse without consent, Beam was sentenced on July 15, 2013, to the Department of Corrections (DOC) for ten years. The entire sentence was suspended, and conditions of probation were imposed. Relevant here, Beam was required to "attend and successfully complete a sexual offender treatment program approved by the Montana Sexual Offender Treatment Association and complete Phase I. If incarcerated at Montana State Prison the defendant shall successfully complete Phases I and II of the Sex Offender Treatment Program prior to being eligible for parole."

¶4 Two months later, a Report of Violation was filed alleging Beam violated several conditions of his probation. On June 23, 2014, the District Court revoked Beam's probation and imposed a new sentence which committed Beam to the DOC for ten years, with six years suspended. Handwritten by the District Court Judge on the 2014 Judgment was the requirement that Beam "attend and successfully complete a sexual offender treatment program approved by the Montana Sexual Offender Treatment Association and

2

complete Phase I." No other requirements related to sexual offender treatment were imposed by the District Court.

¶5 On October 13, 2016, just prior to Beam's release to the suspended portion of his sentence, the State filed a petition to revoke. The only violation alleged by the State was that Beam had failed to complete sex offender treatment while incarcerated. At the January 20, 2017 revocation hearing, Beam argued there was no requirement that he complete sex offender treatment during the custodial portion of his 2014 sentence. Conversely, the State, together with Beam's case manager, maintained that Beam was required to complete sex offender treatment prior to release and that he had failed to do so. The District Court revoked Beam's 2014 sentence after finding Beam had not completed sex offender treatment and imposed a six-year DOC commitment on February 6, 2018.

## STANDARD OF REVIEW

¶6 This Court reviews a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion and whether the court's decision was supported by a preponderance of the evidence in favor of the State. *State v. Nelson*, 1998 MT 227, ¶ 16, 291 Mont. 15, 966 P.2d 133. Where, however, the issue is whether the court followed the statutory requirements applicable to the revocation proceedings, the question is one of law over which our review is plenary. *Nelson*, ¶ 16. The latter standard is applicable here.

3

**DISCUSSION**

¶7    *Did the District Court err in revoking Beam's suspended sentence for failing to complete sex offender treatment while in prison where the treatment condition of Beam's suspended sentence did not specify when treatment was to be completed?*

¶8    Beam argues on appeal that because the treatment condition imposed by the District Court in his 2014 sentence did not require him to attend and complete treatment prior to release to the suspended portion of his sentence, the District Court did not have authority to revoke Beam's suspension under § 46-18-203(7), MCA.  The State argues that Beam consistently failed to attend and successfully complete sexual offender treatment and that his failure was attributable to his own misconduct, which frustrated the purpose of his rehabilitation.

¶9    It is well established that a district court's authority to impose sentences in criminal cases is defined and constrained by statute.  *State v. Wilson*, 279 Mont. 34, 37, 926 P.2d 712, 714 (1996).  A district court "has no power to impose a sentence in the absence of specific statutory authority."  *State v. Hatfield*, 256 Mont. 340, 346, 846 P.2d 1025, 1029 (1993).  Here, the statute authorizing the District Court to impose a sentence upon revocation is § 46-18-203(7)(a)(iii), MCA, which provides:

> (a) If the judge finds that the offender has violated the terms and conditions of the suspended or deferred sentence . . . the judge may:
>
> .    .    .
>
> (iii) revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence . . . .

4

Accordingly, for the District Court to have authority to impose the sentence that it did, it was required to first find that a term or condition of Beam's suspended sentence was violated.

¶10 Beam is alleged to have violated a single condition of his sentence imposed in 2014, which stated, "The defendant shall attend and successfully complete a sexual offender treatment program approved by the Montana Sexual Offender Treatment Association and complete Phase I." As is clear from the condition's plain language, there was no requirement that treatment be completed prior to Beam's release to the suspended portion of his sentence. The directive that Beam complete treatment prior to his release from custody was simply not a condition imposed by the District Court in 2014; rather, it was a requirement subsequently added by the DOC and State to Beam's 2014 sentence. In 2014, the District Court could have imposed the requirement that Beam complete sexual offender treatment prior to his release, but it did not. Beam's suspended sentence cannot now be revoked for violating a condition the District Court did not impose in 2014.

¶11 Moreover, district courts do not have discretionary authority to revoke suspended sentences in the absence of a violation of a term or condition of that sentence for the general purpose of rehabilitation. Here, the only alleged violation was Beam's failure to complete sexual offender treatment while in custody. Section 46-18-203(7), MCA, unambiguously provides authorization to impose a new sentence upon revocation only when the State proves a "violat[ion of] the terms and conditions of the suspended . . . sentence." In the construction of a statute, we are simply to ascertain and declare what is in terms or in substance contained therein, neither inserting what has been omitted nor omitting what has

5

been inserted. Section 1-2-101, MCA. As it pertains to § 46-18-203(7), MCA, the District Court was required to find Beam violated the terms and conditions of his 2014 sentence as a predicate to exercising its authority to impose a new sentence. Here, there was no requirement that Beam complete sex offender treatment prior to his release on probation. The District Court, therefore, had no authority to revoke Beam's sentence and impose a new sentence on the basis that Beam had refused treatment while in custody. Beam's 2014 sentence did not impose a time requirement for completion of treatment. Beam's failure to complete sexual offender treatment while in custody was the only violation alleged by the State and the only basis upon which the District Court revoked Beam's 2014 sentence.

## CONCLUSION

¶12    Beam's 2014 sentence revocation is reversed, and the sentence imposed on February 8, 2018, is vacated. The sentence imposed on June 23, 2014, is reinstated.[1]

/S/ LAURIE McKINNON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

---

[1] Reversal of Beam's revocation is dispositive of all remaining issues. We do not address whether the District Court lacked authority to impose a parole restriction.