FILED

01/17/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0412

DA 21-0412

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 8

STATE OF MONTANA,

       Plaintiff and Appellee,

   v.

THOMAS J. ELLSWORTH,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC 16-2
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Joseph P. Howard, Joseph P. Howard, P.C., Helena, Montana

     For Appellee:

     Austin Knudsen, Montana Attorney General, Christine Hutchison,
Assistant Attorney General, Helena, Montana

     Marcia Boris, Lincoln County Attorney, Jeffrey Zang, Deputy County
Attorney, Libby, Montana

Submitted on Briefs:  December 14, 2022

Decided:  January 17, 2023

Filed:

                                           Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Defendant and Appellant Thomas J. Ellsworth (Ellsworth) appeals from the July 1, 2021 Judgment and Sentence issued by the Nineteenth Judicial District Court, Lincoln County, which revoked Ellsworth's deferred sentence and sentenced him to a five-year term with the Montana Department of Corrections (DOC) and gave him credit for 138 days of time served.

¶2 We address the following restated issue on appeal:

*Whether the District Court imposed an illegal sentence.*

¶3 We reverse and remand with instructions to dismiss with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On December 8, 2015, law enforcement was called to Ellsworth's residence to investigate a potential assault. When officers attempted to detain Ellsworth, he punched one of the officers in the face. The officer suffered a broken facial bone from the punch. On January 6, 2016, Ellsworth was charged with felony assault on a peace officer and misdemeanor obstructing a peace officer. On March 7, 2016, pursuant to a plea agreement, Ellsworth pled no contest to the felony assault on a peace officer charge in exchange for the dismissal of the misdemeanor obstruction charge. The plea agreement recommended a five-year deferred sentence. At a sentencing hearing on May 9, 2016, Ellsworth was given a five-year deferred sentence by the District Court. The court did not order Ellsworth to pay a fine or restitution, but imposed several non-suspended statutory fees. The District Court's written Order for Deferred Imposition of Sentence followed on May 23, 2016,

2

which reflected the five-year deferred sentence and gave Ellsworth credit for 90 days of previous incarceration. Ellsworth did not appeal.

¶5     On April 9, 2021, the State filed a Petition to Revoke Probation, followed by an Amended Petition to Revoke Probation on April 16, 2021. The State alleged Ellsworth had both absconded from probation and failed to remain law-abiding, as Ellsworth pled guilty to driving under the influence, careless driving, and misdemeanor theft on April 9, 2021. The Report of Violation and its Addendum, signed by Ellsworth's Probation Officer Darrell Vanderhoef, noted Ellsworth had numerous reprimands and sanctions for violations between 2016 and 2020, before he absconded in early 2021 and the petition to revoke was filed by the State. The District Court found Ellsworth committed the violations alleged by the State at an adjudicatory hearing on June 23, 2021. The court then held a dispositional hearing on June 28, 2021. At this hearing, the District Court sentenced Ellsworth to a five-year DOC commitment, with a recommendation that he be screened for and receive both mental health and chemical dependency treatment. The District Court's written Judgment and Sentence followed on July 1, 2021. In this judgment, the court gave Ellsworth credit for 138 days of time served, but denied Ellsworth credit for elapsed time due to his "repeated violations of the terms and conditions of his probation."

¶6     Ellsworth appeals.

**STANDARD OF REVIEW**

¶7     "When the issue presented is whether the district court had authority to take a specific action, the question is one of law and our review is de novo." *State v. Tippets*,

3

2022 MT 81, ¶ 9, 408 Mont. 249, 509 P.3d 1 (citing *State v. Graves*, 2015 MT 262, ¶ 12, 381 Mont. 37, 355 P.3d 769). "[W]e generally refuse to review an issue to which the party failed to object at the trial court level, unless a criminal sentence 'is alleged to be illegal or in excess of statutory mandates.'" *Tippets*, ¶ 9 (quoting *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, 151 P.3d 892).

## DISCUSSION

¶8      *Whether the District Court imposed an illegal sentence.*

¶9      Ellsworth did not object to or appeal his original 2016 five-year deferred sentence. During the 2021 revocation proceedings, Ellsworth did not contend the District Court lacked authority to give him a five-year deferred sentence in 2016; that the petition to revoke was not timely filed; or that the court lacked authority to sentence him to a five-year DOC commitment. On appeal, however, Ellsworth now claims the 2021 revocation and subsequent five-year DOC sentence was "facially illegal" and asserts we should review his claim of an illegal sentence pursuant to this Court's *Lenihan* exception, which allows "an appellate court to review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing." *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979).

¶10     The State contends the *Lenihan* exception is not available for Ellsworth's claim, asserting "Ellsworth does not claim any portion of his 2021 revocation sentence was illegal." Ellsworth asserted his 2021 revocation sentence was illegal because the District Court lacked authority to sentence him as his sentence had already expired. Ellsworth

4

bases this claim on his interpretation that the District Court in 2016 lacked authority to sentence him to a five-year deferred sentence under the facts of this case, and therefore his 2016 sentence expired after three years, in 2019. We need not reach this specific claim because, upon our de novo review of the record, we conclude Ellsworth's 2016 five-year deferred sentence expired before the State filed its first petition to revoke.

¶11 "The petition for a revocation must be filed with the sentencing court either before the period of suspension or deferral has begun or during the period of suspension or deferral *but not after the period has expired*." Section 46-18-203(2), MCA (emphasis added). PO Vanderhoef's Report of Violation noted Ellsworth's Date of Sentence was May 9, 2016, and its Expiration Date was May 8, 2021. During the adjudicatory hearing, the following exchange occurred between defense counsel and PO Vanderhoef:

> Q. Mr. Vanderhoef, can you tell the [c]ourt when Mr. Ellsworth's deferred was due to expire?
>
> A. May 8th of 2021.
>
> Q. And so when you filed this first Report of Violation how much time did he have left on his . . .
>
> A. He had approximately a month left.
>
> Q. Okay. And same for the Amended Report of Violation, approximately a month?
>
> A. Approximately.

The issue here is that the claimed May 8, 2021 expiration date for Ellsworth's 2016 deferred sentence was simply incorrect. As reflected in the District Court's 2016 Order for

Deferred Imposition of Sentence, and also noted in PO Vanderhoef's Report of Violation, Ellsworth was given credit for 90 days of time served for when he was incarcerated following his assault on the officer. In situations of a deferred imposition of sentence, credit for time served is applied to reduce time remaining on the deferral period in an identical manner as to any other sentence. "A person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered." Section 46-18-403(1), MCA (2019). We have previously determined that a suspended sentence constitutes a "judgment of imprisonment" within the meaning of the statute which requires the crediting of time served to that suspended sentence. *State v. McCaslin*, 2011 MT 221, ¶ 16, 362 Mont. 47, 260 P.3d. 403. We have also since clarified *McCaslin* and its misstatements of deferred sentences being different from suspended sentences because the deferred sentence is not imposed as "mere dicta based on cases decided under prior statutory schemes[.]" *State v. Kortan*, 2022 MT 204, ¶ 17, 410 Mont. 336, 518 P.3d 1283 (citing *State v. Thibeault*, 2021 MT 162, ¶ 21 n.16, 404 Mont. 476, 490 P.3d 105). Ultimately, we have recognized "that a deferred imposition of sentence is in fact a sentence." *Kortan*, ¶ 17 (citing *Thibeault*, ¶ 21 n.16); *see also State v. Tomaskie*, 2007 MT 103, ¶ 13, 337 Mont. 130, 157 P.3d 691. Accordingly, a deferred sentence, just like a suspended sentence, constitutes a "judgment

6

of imprisonment" within the meaning of the statute which requires the crediting of time served to that deferred sentence.[1]

¶12   With the 90 days of credit for pretrial incarceration properly applied, Ellsworth's deferred sentence expired on February 7, 2021, over two months before the State filed its first revocation petition. The State was therefore without authority to file a petition to revoke a nonexistent sentence on April 9, 2021. Section 46-18-203(2), MCA. It is immaterial that this 90-day discrepancy was not raised below, or in the parties' briefing on appeal here, because we conduct de novo review to determine whether the District Court had authority to sentence Ellsworth in this case. *Tippets*, ¶ 9.

¶13   "It is well established that a district court's authority to impose sentences in criminal cases is defined and constrained by statute." *State v. Beam*, 2020 MT 156, ¶ 9, 400 Mont. 278, 465 P.3d 1178 (citing *State v. Wilson*, 279 Mont. 34, 37, 926 P.2d 712, 714 (1996)). "A district court 'has no power to impose a sentence in the absence of specific statutory authority.'" *Beam*, ¶ 9 (quoting *State v. Hatfield*, 256 Mont. 340, 346, 846 P.2d 1025, 1029 (1993)). Just as the State had no power to petition to revoke a nonexistent sentence, the District Court similarly lacked any authority to revoke Ellsworth's expired deferred

---

[1] This conclusion is likewise consistent with statutory requirements treating deferred and suspended sentences equally upon revocation—"If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time, consult the records and recollection of the probation and parole officer, and allow all of the elapsed time served without any record or recollection of violations as a credit against the sentence. If the judge determines that elapsed time should not be credited, the judge shall state the reasons for the determination in the order. Credit must be allowed for time served in a detention center or for home arrest time already served." Section 46-18-203(7)(b), MCA.

sentence or to impose a new sentence upon him in this case.  *See State v. Southwick*, 2007 MT 257, ¶ 29, 339 Mont. 281, 169 P.3d 698.  The 2021 revocation sentence is therefore facially illegal and "justice demands that we not permit a facially illegal sentence to stand." *Southwick*, ¶ 19.

## CONCLUSION

¶14     Upon our de novo review of the record, we conclude the District Court lacked authority to revoke Ellsworth's 2016 deferred sentence and to resentence him to a five-year DOC commitment because Ellsworth's deferred sentence expired before the State filed a petition to revoke.  The District Court's 2021 sentence is illegal and this matter must be remanded to the District Court with instructions to dismiss with prejudice.

¶15     Reversed.

/S/ INGRID GUSTAFSON


We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE