FILED

07/11/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0615

DA 21-0615

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 136N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RICKY JOE BRENDT,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Custer, Cause No. DC-01-24
Honorable Michael B. Hayworth, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General,
Mardell Lynn Ployhar, Assistant Attorney General, Helena, Montana

          Wyatt Glade, Custer County Attorney, Shawn Quinlan, Deputy
County Attorney, Miles City, Montana

Submitted on Briefs:  May 31, 2023

Decided:  July 11, 2023

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ricky Joe Brendt appeals from the October 14, 2021 Order of the Sixteenth Judicial District Court, Custer County, revoking his suspended sentence based on an alleged probation violation and imposing a sentence of 25 years to Montana State Prison. We reverse and remand for further proceedings consistent with this Opinion.

¶3 In 2001, Brendt pled guilty to one count of failure to register as a sexual offender, four counts of felony sexual assault, and one count of sexual intercourse without consent. He was sentenced to 45 years in prison with 25 years suspended for the charge of sexual intercourse without consent and to concurrent sentences of 20 years or less on the remaining charges. The judgment stated that "during the Defendant's incarceration and before he may be considered for release from Montana State Prison the Defendant will successfully complete Phase 1, Phase 2, and Phase 3 of the Sex Offender Program." The District Court imposed 24 conditions to which Brendt was required to adhere during the suspended portion of his sentence, but none of them pertained to participation or completion of any sexual offender treatment program.

¶4 In April 2021, Brendt discharged the custodial portion of his sentence and began serving the suspended portion. In August 2021, Brendt's probation officer filed a Report

2

of Violation based on Brendt's termination from a sexual offender treatment program. The State petitioned to revoke Brendt's suspended sentence based on the Report of Violation. The District Court found that "by a preponderance of the evidence [] [Brendt] violated terms of the suspended sentence through failure to participate in a Sex Offender Treatment Phase III program." The court revoked Brendt's suspended sentence and resentenced Brendt to 25 years in prison.

¶5 "When the issue presented is whether the district court had authority to take a specific action, the question is one of law and our review is de novo. . . . [W]e generally refuse to review an issue to which the party failed to object at the trial court level, unless a criminal sentence is alleged to be illegal or in excess of statutory mandates." *State v. Ellsworth*, 2023 MT 8, ¶ 7, 411 Mont. 213, 523 P.3d 527 (internal quotations and citations omitted).

¶6 The State argues that when Brendt admitted to violating a probation condition at his revocation hearing, he waived his claim that the District Court erroneously revoked his sentence. But the District Court's authority to impose a sentence in a criminal case is "defined and constrained by statute;" it has no "power to impose a sentence in the absence of specific statutory authority." *Ellsworth*, ¶ 13 (internal quotations and citations omitted). Whether or not Brendt raised the issue below is immaterial because we review de novo whether the District Court had authority to sentence him in the first place. *Ellsworth*, ¶ 12 (citing *State v. Tippets*, 2022 MT 81, ¶ 9, 408 Mont. 249, 509 P.3d 1).

¶7 Section 46-18-203(7)(a)(iii), MCA, grants the District Court the authority to revoke an offender's suspended sentence. As a predicate condition to revoking the sentence, the District Court must find that the offender "violated the terms and conditions of the suspended [] sentence." Section 46-18-203(7)(a), MCA; *State v. Beam*, 2020 MT 156, ¶ 9, 400 Mont. 278, 465 P.3d 1178 ("Accordingly, for the District Court to have authority to impose the sentence that it did, it was required to first find that a term or condition of [the offender's] suspended sentence was violated.").

¶8 The State alleges that when Brendt was prematurely terminated from a sexual offender treatment program, he violated a condition of his probation that required him to complete such a program. The plain language of Brendt's sentence never required completion of any sexual offender treatment program as a condition of his suspended sentence. The District Court could not find that Brendt violated a condition of his probation when no such condition was imposed in the first instance. As the court could not determine the predicate issue of whether there was a probation violation, it did not have the authority to revoke his suspended sentence and impose a new sentence. *See Beam*, ¶ 11 (holding that the District Court did not have authority to revoke the defendant's sentence and impose a new sentence because the defendant's alleged violation was not a condition of his sentence).

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of

4

applicable standards of review. The District Court erred when it revoked Brendt's suspended sentence and resentenced him to 25 years in prison. We reverse and remand to the District Court for further proceedings consistent with this Opinion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE