STATE, EX REL. AKIN, RESPONDENT, *v.* WILLIAMS, JUSTICE OF THE PEACE, APPELLANT.

(No. 3,507.)

(Submitted April 3, 1915.   Decided April 27, 1915.)

[148 Pac. 333.]

*Justices of the Peace—Unauthorized Continuances—Jurisdiction—Void Judgment.*

1. Where a justice of the peace continued a cause upon the oral application of plaintiff made out of court without a showing such as required by section 7036, Revised Codes, and refused to dispose of the cause at the time originally set for hearing, he lost jurisdiction, and a judgment entered by him after hearing testimony in support of the complaint at the time to which the cause had been continued, was void.

[As to remedy for correction of error in justice's court, see note in Ann. Cas. 1913E, 74.]

*Appeal from District Court, Blaine County; Frank N. Utter, Judge.*

Relator's remedy is not by *certiorari.   Certiorari* at the relation of J. N. Akin to review a judgment of F. N. Williams, Justice of the Peace of Chinook Township, in an action by the Empire Cattle Company against relator.   From a judgment annulling that of the justice of the peace, he appeals.   Affirmed.

Cause submitted on briefs of Counsel.

*Mr. W. B. Sands,* for Appellant.

*Clark* v. *Great Northern Ry. Co.,* 30 Mont. 458, 76 Pac. 1003, and *State* v. *Laurendeau,* 27 Mont. 522, 71 Pac. 754, are conclusive of this case.  It was suggested that the time for appeal had expired, and the case of *Elder* v. *Justice's Court,* 136 Cal. 364, 68 Pac. 1022, was cited in support of this contention; but the next to the last paragraph of that case shows that the facts were entirely different from this case.

That the relator could not wait until the time had expired to file an appeal and then invoke the remedy of *certiorari* was decided upon the very best of reasons in the case of *Faut* v. *Mason,* 47 Cal. 7.  The relator had a plain, speedy and adequate remedy in the justice court if an error was in fact made, and it is incumbent upon him to show why he did not invoke that remedy.  The case of the *State* v. *Laurendeau, supra,* is directly in point, and conclusive of the law of this case.  *State* v. *Justice Court,* 31 Mont. 258, 78 Pac. 498, is identical with this case.

*Messrs. O'Keefe & Kuhr,* for Respondent.

The authorities have uniformly held that a justice's court exceeds its jurisdiction where there has not been at least a substantial compliance with the law.  It has been held that an adjournment before trial day in the absence of the parties without their consent ousts the jurisdiction of the justice.  (*State* (*Dittman etc. Mfg. Co.*) v. *Leon,* 42 N. J. L. 540; *Brannin* v. *Voorhees,* 14 N. J. L. 590; *Holz* v. *Rediske,* 116 Wis. 353, 92 N. W. 1105; *Plano Mfg. Co.* v. *Stokke,* 9 N. D. 40, 81 N. W. 70; *Roberts* v. *Hathaway,* 42 Mich. 592, 4 N. W. 307; *Adams & Ford* v. *Cullen,* 159 Mich. 669, 124 N. W. 549.)  But, assuming that the justice acted regularly and lawfully, we contend that defendant did not have sufficient notice of the trial on the adjourned day.  The justice must notify the parties in writing of the day fixed for the trial.  The giving of such notice is imperative and jurisdictional.  (*Jones* v. *Justice's Court,* 97

Cal. 523, 32 Pac. 575; *Elder* v. *Justice's Court,* 136 Cal. 364, 68 Pac. 1022.)

In view of our first proposition, it must necessarily follow that there was no appeal. An appeal implies jurisdiction. Where the justice's court has acted without jurisdiction, the district court can acquire none. (Sec. 7122, Rev. Codes; *State* v. *Justice's Court,* 31 Mont. 258, 78 Pac. 498, 500; *State* v. *Third Judicial Dist. Court,* 36 Utah, 68, 104 Pac. 750.)

*Certiorari* has been held to be the proper remedy in cases similar to this one, where the purpose was to set aside a void judgment. (*Harbour* v. *Eldred,* 107 Mich. 95, 64 N. W. 1054; *Gibson* v. *Superior Court,* 83 Cal. 643, 24 Pac. 152; *Garnsey* v. *County Court,* 33 Or. 201, 54 Pac. 539, 1089.) *Certiorari* has been granted where the summons was defective and no jurisdiction had been acquired. (*Wong Kee* v. *Lillis* (Nev.), 138 Pac. 900.)

MR. JUSTICE SANNER delivered the opinion of the court.

On January 8, 1914, in the justice's court of Chinook Township, before F. N. Williams, justice of the peace, the Empire Cattle Company commenced an action against J. N. Akin, to recover a sum of money alleged to be the unpaid price of a mare sold and delivered. Akin answered and by consent the cause was set down for trial on February 2, 1914, at 10 A. M. On January 31, 1914, one Schuler, manager of the cattle company, orally, out of court and without the presence or assent of Akin, requested the justice to postpone the trial to February 10; on February 2, 1914, Akin appeared, but the cattle company was not present nor represented; whereupon Akin demanded that the cattle company's default for nonappearance be entered and that the cause be dismissed; this was refused with the information that the cause had been continued to February 10, at 10 A. M. On February 10 the cattle company appeared, but Akin was not present nor represented; whereupon, after waiting one hour, the justice heard testimony in support of the complaint, and rendered judgment against Akin in accordance with the prayer thereof. Upon these facts, as

made to appear by return to a writ of *certiorari* issued out of the district court of Blaine county, at the instance of Akin, that court annulled the judgment of the justice, and we are now asked by the present appeal to review the judgment of the district court.

The judgment appealed from was correct. The justice did not **[1]** continue the cause upon his own motion for any of the reasons recognized by section 7034, Revised Codes; nor by consent of the parties, as may be done under section 7035, but upon application of the plaintiff, without any showing such as required by section 7036. His action was therefore wholly unauthorized, and its effect, coupled with his refusal to dispose of the cause when defendant Akin appeared on February 2, was to lose jurisdiction (*Morrissey* v. *Blasky*, 22 N. D. 430, 134 N. W. 319). Thereafter the cause was *coram non judice*, the judgment entered was without jurisdictional basis, and was properly annulled by the district court.

The judgment appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Motion for rehearing denied July 7, 1915.

