STATE EX REL. CHICAGO, MILWAUKEE & ST. PAUL RY.
CO., RESPONDENT, v. GIBB, JUSTICE OF THE PEACE, AP-
PELLANT.

(No. 4,468.)

(Submitted September 27, 1920.   Decided November 19, 1920.)

[193 Pac. 1114.]

*Justices of the Peace—Time of Trial—Postponements—Juris-
diction—Default Judgments—Vacation—Certiorari.*

*Certiorari*—Does not Lie, When.
　　1.  Where appeal is available, *certiorari* does not lie even though
the remedy by appeal may not be adequate.
Justices of the Peace—Appeal—Jurisdiction.
　　2.  The right of appeal from a justice court presupposes jurisdic-
tion in it to enter the judgment or order from which an appeal
may be taken; hence where such court was without jurisdiction,
none was acquired by the appellate court on an attempted appeal.
Same—Appeal—Jurisdiction of Appellate Court.
　　3.  On appeal from a justice court to the district court the cause
is tried anew, the district court sitting as a justice of peace, with
no greater jurisdiction than the latter court had.
Same—Default Judgment—Lack of Jurisdiction—*Certiorari.*
　　4.  A justice of the peace on April 5, the day set for trial of a
civil action, continued the cause "for the present"; he later fixed
the day for hearing the case for June 2, and, being out of the
city on that day, continued it to June 16, when, defendant not
appearing within one hour, he entered judgment by default. *Held,*
that by failing to comply with the provisions of sections 7033–
7037, Revised Codes, relating to time of trial and postponements
in justices' courts, he was without jurisdiction to enter judgment,
and that the district court on *certiorari* properly annulled it.

*Appeal from District Court, Custer County; Daniel L.
O'Hern, Judge.*

, *Certiorari* by the State, on the relation of the Chicago, Mil-
waukee & St. Paul Railway Company, against John Gibb, Jus-
tice of the Peace in and for Miles City Township, Custer
County.  From a judgment setting aside a judgment of the
justice court, defendant appeals.  Affirmed.

Cause submitted on brief of Appellant.

*Mr. P. F. Leonard,* for Appellant.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

*Certiorari.* In March, 1918, issue was joined in a civil action in the justice court at Miles City; nothing further was done in the case until April 1, 1919, when the justice of the peace set the cause for April 5, but on that date made an entry continuing the case "for the present." Later June 2, 1919, was fixed as the day of trial, but on that day the justice of the peace was absent from the city. The cause was then set for trial on June 16, 1919, and counsel given written notice thereof. On June 16, the defendant not appearing within one hour, judgment was entered for the plaintiff. Thereupon a writ of *certiorari* was issued out of the district court of Custer county, return thereto made, and a hearing had, resulting in a judgment vacating and setting aside the judgment of the justice court. This appeal is from the judgment.

1. Appellant contends that "The court erred in assuming jurisdiction of this cause by *certiorari* proceedings, as the relator had adequate remedy by appeal." If an appeal lies, **[1, 2]** *certiorari* does not lie, and it is immaterial, under our statute, whether appeal affords an "adequate remedy" or not. (*State ex rel. King* v. *District Court*, 24 Mont. 494, 62 Pac. 820, overruling former decisions to the contrary.) However, the right of appeal presupposes jurisdiction in the lower court to enter a judgment or order from which an appeal may be taken. If the lower court is without jurisdiction, none is acquired by the appellate court on an attempted appeal. (*Chadwick* v. *Chadwick*, 6 Mont. 566, 13 Pac. 385; *In re Searles*, 46 **[3]** Mont. 322, 127 Pac. 902.) All appeals from a justice court to the district court are tried anew (Rev. Codes, sec. 7122); the district court then "sits as a justice of the peace in that case, and with no greater jurisdiction" (*State ex rel. Grissom* v. *Justice Court*, 31 Mont. 258, 78 Pac. 498).

2. The remaining assignments challenge the correctness of **[4]** the judgment. The district court found that the justice court lost jurisdiction by failing to comply with the provisions of Chapter 6, Title 11, Part 2, of the Revised Code, and in this

was clearly correct. This question was settled in *State ex rel. Akin* v. *Williams,* 50 Mont. 582, 148 Pac. 333, and requires no further discussion.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.