No. 80-251

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

STATE OF MONTANA, ex rel.,
DANIEL MORSE,

Petitioner and Appellant,

vs.

JUSTICE COURT OF DEER LODGE COUNTY,
Patrick Laughlin, Justice of Peace,
et al.,

Respondents.

_____

Appeal from:   District Court of the Third Judicial District,
In and for the County of Deer Lodge.
Honorable Robert Boyd, Judge presiding.

Counsel of Record:

For Appellant:

Edward D. Yelsa, Anaconda, Montana

For Respondents:

Hon. Mike Greely, Attorney General, Helena, Montana
John Radonich, County Attorney, Anaconda, Montana
William A. Brolin, Anaconda, Montana

_____

Submitted on briefs: February 25, 1981

Decided: APR 9 - 1981

Filed: APR - 1981

_____
    Thomas J. Kearney
                              Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiff Daniel Morse appeals from the judgment of the Third Judicial District Court, Deer Lodge County, quashing a writ of prohibition issued to stay Justice Court proceedings pending against plaintiff. We affirm.

During the afternoon of December 26, 1979, plaintiff was issued a notice to appear and complaint for operating a motor vehicle while intoxicated on Highway 10-A near Anaconda, Montana. On December 27, 1979, plaintiff's attorney, Edward Yelsa, appeared in plaintiff's behalf before the Deer Lodge County Justice Court and entered a not guilty plea to this complaint. Plaintiff's attorney further demanded a jury trial on the charge and the court fixed January 31, 1980, as the date for the Justice Court trial.

One week before trial, plaintiff's attorney moved the Justice Court to continue the trial because plaintiff was hospitalized in the Galen State Hospital Alcohol Treatment Unit and would be unavailable to appear in court on January 31, 1980. This motion was granted by the court and the trial date was rescheduled to February 26, 1980.

On February 25, 1980, the day before trial, Deer Lodge Deputy County Attorney William Brolin moved the court to continue again the time of trial. This motion was granted. Plaintiff's attorney was personally notified of the time for plaintiff's trial by the clerk of Justice Court. Plaintiff's attorney was in the Justice Court clerk's office on the afternoon of February 25 and the clerk told counsel of the change in the date of trial. On the morning of February 26, 1980, however, plaintiff, along with his attorney and witnesses, appeared in Justice Court for the trial. No trial was held

-2-

and plaintiff claims that this failure to hold the trial on February 26, 1980, amounts to a violation of his constitutional right to a speedy jury trial. Plaintiff brought action in District Court seeking a writ of prohibition to stop the Justice Court from proceeding further in the prosecution of the drunken driving complaint. In his petition for writ of prohibition, plaintiff claimed the Justice Court lacked jurisdiction to proceed further against him. The District Court initially issued a writ of prohibition arresting the Justice Court proceedings. Following a show cause hearing on the petition, however, the District Court quashed the writ, concluding that a writ of prohibition was legally inappropriate given the facts of the case. The District Court found that plaintiff had other appropriate remedies available.

Plaintiff presents one issue for our review:

Was the judgment entered by the District Court on behalf of defendant Justice Court denying relief to plaintiff and granting the motion to quash the writ of prohibition justified under the state of the record?

Plaintiff contends the failure of the county attorney to appear and prosecute the alleged drunk driving violation on February 26, 1980, caused the Justice Court to lose jurisdiction over this action. This loss of jurisdiction in the Justice Court, plaintiff contends, eliminates any possible appeal of an adverse decision to the District Court. Plaintiff believes, a writ of prohibition is the only available and appropriate remedy. For support in this argument, plaintiff relies upon State v. Williams (1915), 50 Mont. 582, 148 P. 333.

We disagree. A writ of prohibition is not the appropriate remedy given the state of this record. A writ of prohibition is available to a litigant only where there is not a plain, speedy and adequate remedy in the ordinary course of law. See, State v. District Court (1955), 128 Mont. 538, 279 P.2d 691; section 27-27-102, MCA. In State v. Booher (1911), 43 Mont. 569, 118 P. 271, we quoted the New York Court of Appeals and explained that a writ of prohibition is a unique legal tool:

> "The writ of prohibition is not favored by the courts. Necessity alone justifies it. Although authorized by statute, it is not issued as a matter of right, but only in the exercise of sound judicial discretion when there is no other remedy . . .
>
> " . . .
>
> "It is justified only by extreme necessity, when the grievance cannot be redressed by ordinary proceedings at law, or in equity, or by appeal . . . We think the relator had a remedy which, even if indirect and inconvenient, deprived him of the right of prohibition." (Emphasis added.)

In this case, plaintiff has not shown why he could not assert his jurisdictional defense in the Justice Court directly or by writ of certiorari in the District Court. See, section 27-25-102, MCA.

The plaintiff is not entitled to use the extraordinary remedy of a writ of prohibition in this case. The District Court here was correct to quash the writ of prohibition. The judgment of the District Court is affirmed.

_____
                              Justice

-4-

We Concur:

_Frank I. Haswell_
Chief Justice

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_
Justices