No. 87-306

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

KIMBLE PROPERTIES, INC.,
a Montana corp., and LLOYD L. KIMBLE,

       Plaintiffs and Appellants,

  -vs-

STATE OF MONTANA, DEPARTMENT OF STATE
LANDS and CITY OF BILLINGS,

       Defendants and Respondents.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Moulton, Bellingham, Longo & Mather; Ward Swanser,
        Billings, Montana

    For Respondent:

        Lyle Manley, Dept. of State Lands, Helena, Montana
        James L. Tillotson, City Attorney, Billings, Montana

Submitted on Briefs:  Dec. 17, 1987

Decided:  March 8, 1988

Filed: MAR 8 - 1988

*Ethel M. Harrison*
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Appellants appeal the motion for summary judgment granted by the District Court of the Thirteenth Judicial District of the State of Montana, Yellowstone County. Appellants initiated this action by petitioning the District Court for a Writ of Prohibition to prohibit the respondents, City of Billings (City) and the Department of State Lands (DSL) from taking any action to approve the final plat of the Continental Divide Subdivision. The respondents filed a motion to quash, strike and dismiss or in the alternative for summary judgment. The District Court treated the motion as a motion for summary judgment and granted it holding that the record did not show that DSL or the City performed acts outside their authority. We affirm. The issues presented for appeal are:

1. Was a writ of prohibition the proper remedy?

2. Are there genuine issues of fact concerning whether or not

    a) the State obligated itself to unauthorized debt?

    b) the City of Billings approved the preliminary plat without guarantee that the improvements required for compliance with the master plan will be funded?

    c) the City of Billings gave preferential treatment to the State in the approval of the preliminary plat?

The State of Montana owns the $N\frac{1}{2}$ of Section 20, Township 1 North, Range 26 East, Yellowstone County. The State decided to subdivide a portion of this tract which is held in trust for schools, in order to increase the revenue derived from the property. The DSL filed a preliminary plat of the proposed subdivision for the Billings City Council's consideration. Certain improvements on the land were

required and the State paid its share from the resource development fund. The City Council approved the preliminary plat and master plan on September 23, 1985.

ISSUE I

Appellants contend that the DSL did not have the authority to obligate itself to expenditures for improvements that had not been authorized by the legislature and the City lacked authority to treat the DSL preferentially over private developers or to approve a plat based upon a plan that lacked financial backing. Thus a writ of prohibition was the proper remedy.

The District Court held that a writ of prohibition was not the proper remedy in this case. Before a writ of prohibition may be granted the parties seeking the writ must demonstrate that the acts by public officials are clearly unlawful. Section 27-27-101, MCA provides:

> The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board, or person exercising judicial functions when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person.

The writ is only appropriate when no other remedy is available. Section 27-27-102, MCA, State ex rel Morse v. Justice Court of Deer Lodge County (Mont. 1981), 626 P.2d 836, 38 St.Rep. 542.

This Court has expressed its strong disinclination to grant writs of prohibition. "The writ of prohibition is not favored by the courts. Necessity alone justifies it." Malta Irrigation District v. Montana Board of Health and Environmental Sciences (Mont. 1986), 729 P.2d 1323, 1326, 43 St.Rep. 2264, 2267 quoting Morse, 626 P.2d at 837. In this case, the District Court held that both the DSL and the City

3

were acting within their authority. The landboard and the DSL have clear authority to subdivide and sell state lands. Sections 77-1-204, 77-2-301, MCA. The City also has control over subdivisions. Title 76, Chapter 3, Part 1, MCA, Montana Wilderness Association v. Board of Health and Environmental Science (1976), 171 Mont. 477, 559 P.2d 1156. The District Court found that the DSL had not obligated itself to unconstitutional indebtedness and the City's alleged preferential treatment of the DSL in approving the preliminary plat was within its discretion. The record supports the District Court's findings. No public officials acted in excess of their authority, therefore the District Court was correct when it refused to issue a writ of prohibition. Affirmed.

ISSUE II

Issue II concerns the propriety of granting the defendant's motion for summary judgment. Appellants contend that genuine issues of material fact exist and that summary judgment was improper.

The standard for reviewing a grant or denial of summary judgment is "the same as that utilized by the trial court initially under Rule 56, M.R.Civ.P. - a summary judgment is proper when it appears 'that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Reagan v. Union Oil Co. of California (Mont. 1984), 675 P.2d 953, 956, 41 St.Rep. 131, 134.

Appellants allege that three genuine issues of material fact exist. They contend issues exist concerning whether or not: a) the State obligated itself to unauthorized debt; b) the City approved the preliminary plat without guarantee that the improvements required for compliance with the master plan

4

will be funded; and c) the City gave preferential treatment to the State in the approval of the preliminary plat.

The respondents presented evidence in the form of the affidavit of Kelly Blake that no factual issues exist. The affidavit states that the improvements the State was obligated to pay for were paid for with funds from the resource development account authorized by § 77-1-604, MCA. The affidavit also states that the State did not obligate itself to any debt. As a result there were no further obligations and no preferential treatment. "Once the movant has established that no material issues of fact exist, the burden shifts to the opposing party to raise an issue of fact." Krone v. McCann (1982), 196 Mont. 260, 264, 638 P.2d 397, 399. Appellants allege that genuine issues of material fact exist, but do not substantiate their allegations with evidence. Mere implications based on appellant's allegations are not enough to prevent a motion for summary judgment from being granted. Cheyenne Western Bank v. Young (1978), 179 Mont. 492, 587 P.2d 401. Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices