JUSTICE LEAPHART,
specially concurring.
I concur in the result reached by the Court, however I would reach that result by holding that, under state law, a writ of prohibition does not lie against a private party.
The District Court issued a writ of prohibition preventing the Union and the arbitrator, Mr. Corbett, from proceeding with the arbitration. The writ of prohibition is defined by statute in § 27-27-101, MCA, as follows:
Definition and function of writ of prohibition. The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board, or person exercising judicial functions when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person.
The writ of mandate is designed to compel the performance of an act “that the law specifically enjoins as a duty resulting from an office, trust, or station ....” Section 27-26-102, MCA. Before a writ of mandate will issue, there must be clear legal duty imposed upon a person or official as a consequence of that person’s office, trust or station. As the counterpart of the writ of mandate, the writ of prohibition is designed to stop that same person from exceeding the jurisdiction conferred upon him or her by the applicable law. Although it may be argued that an arbitrator exercises a judicial function, he or she does not do so under the auspices of the state. The arbitrator acts pursuant to agreement between the parties, not pursuant to any statutory grant of jurisdiction attendant to an office, trust or station.
*62 In Kimble Properties v. Department of State Lands (1988), 231 Mont. 54, 56, 750 P.2d 1095, 1096, we stated: “Before a writ of prohibition may be granted the parties seeking the writ must demonstrate that the acts by public officials are clearly unlawful. Section 27-27-101, MCA....” Kimble Properties involved acts by a city and by the Department of State Lands. Although the “public official” component was present in Kimble Properties, the Court concluded that neither the state nor the city acted outside their authority and thus a writ was not appropriate. Kimble Properties, 750 P.2d at 1096.
In International Film Investors v. Arbitration Tribunal of Directors Guild (App. 2nd Dist. 1984), 199 Cal.Rptr. 690, 693, the plaintiff sought, through a writ of prohibition, to prevent the commencement of an arbitration proceeding. The court held that the writ is to enjoin judicial action in excess of jurisdiction, “[i]t does not lie to restrain the acts of an arbitrator.” International Film, 199 Cal.Rptr. at 693. Likewise, in the present case, neither the Union nor the arbitrator are public officials exercising judicial functions. Thus they are not subject to a writ of prohibition.
JUSTICE ERDMANN joins in the foregoing special concurrence.