FILED

01/13/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0414

DA 25-0414

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 4

WESLEY THOMAS COOPER,

      Petitioner and Appellant,

  v.

MONTANA DEPARTMENT OF JUSTICE,
DIVISION OF CRIMINAL INVESTIGATION,

      Respondent and Appellee.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
                 In and For the County of Lincoln, Cause No. DV 24-206
                 Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Colin M. Stephens, Stephens Brooke, P.C., Missoula, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Helena, Montana

          Caitlin S. Williams, Assistant Attorney General, Missoula, Montana

Submitted on Briefs:  October 29, 2025

Decided:  January 13, 2026

Filed:

_____
                   Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Wesley Thomas Cooper (Cooper) appeals from the May 21, 2025 Order issued by the Nineteenth Judicial District of Montana, Lincoln County, which denied his writ of prohibition against the Montana Department of Justice (DOJ) and required him to register in Montana as a sex offender based on his conviction and the underlying charging documents for Sexual Assault in North Dakota.

¶2 We restate the issues on appeal as follows:

1. *Whether the District Court erred when it concluded that the proper avenue of relief from a duty to register as a sex offender in Montana was a petition for removal under § 46-23-506, MCA, and not a petition for a writ of prohibition.*

2. *Whether the District Court erred in relying on allegations not proved beyond a reasonable doubt or admitted by the defendant when it concluded that Cooper had a duty to register as a sex offender.*

3. *Whether N.D. Cent. Code § 12.1-20-07, "Sexual Assault," is reasonably equivalent to a "Sexual Offense" as defined by § 46-23-502(9)(a), MCA (2015), for the purpose of imposing a duty to register as a sex offender.*

¶3 We reverse and remand with instructions.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 In November 2017, Cooper was charged by Information in North Dakota with Gross Sexual Imposition, a felony, in violation of N.D. Cent. Code § 12.1-20-03(1)(d). The charging document alleged that Cooper, age 22 at the time, "engaged in penile-vaginal contact and/or digital-vaginal contact with Jane Doe," whose year of birth was 2013. A person is guilty of Gross Sexual Imposition in North Dakota if the person "engages in a sexual act with another" when the victim is less than fifteen years old. Cooper entered a

2

plea of not guilty before ultimately entering into a plea agreement with the State of North Dakota. In May 2019, Cooper entered a guilty plea to the offense of Sexual Assault, a misdemeanor, in violation of N.D. Cent. Code § 12.1-20-07(1)(a). A person is guilty of Sexual Assault under N.D. Cent. Code § 12.1-20-07(1)(a) if they knowingly had sexual contact with another person and know or have reasonable cause to believe that the contact was offensive to the other person. In his plea agreement, Cooper admitted that "on, about, or between October 1, 2016[,] and April 30, 2017, . . . [he] had inappropriate contact with Jane Doe and had reasonable cause to believe that the contact was offensive to that person." The court sentenced Cooper to a 360-day jail sentence, all suspended, and 2 years of supervised probation. The court further assessed Cooper with $325 in fees and ordered him to undergo a psychosexual evaluation through a licensed counselor. Cooper has complied with the court's sentencing requirements. Cooper's plea agreement expressly stated that he was not required to register as a sex offender because Sexual Assault is exempted as an offense requiring registration pursuant to N.D. Cent. Code § 12.1-32-15(1)(g).

¶5     Cooper moved to Montana in 2019, started a family, and opened a business. In October 2024, Cooper received a letter from the DOJ advising him that he was required to register as a sex offender pursuant to Montana's sex offender registration requirements set forth in § 46-23-502, MCA. The DOJ advised that Cooper's offense in North Dakota is reasonably equivalent to Montana's 2019 Sexual Assault statute since both statutes share the elements of knowingly engaging in sexual contact with another. Montana requires a person found guilty of Sexual Assault to register as a sex offender when the victim is less

3

than 16 years old and the offender is three or more years older than the victim. The DOJ concluded that Cooper was required to register as a sex offender based on the alleged age of the victim in the Information. Cooper subsequently moved back to North Dakota and filed a petition for a writ of prohibition in the 19th Judicial District Court of Montana seeking judicial intervention from the DOJ's requirement that he register as a sex offender.

## STANDARD OF REVIEW

¶6    "A district court's decision to issue or deny a writ of prohibition is a conclusion of law regarding the application of a statute, which we review for correctness." *Allied Waste Servs. of N. Am., LLC v. Dep't of Pub. Serv. Regul.*, 2019 MT 199, ¶ 12, 397 Mont. 85, 447 P.3d 463. We review a district court's interpretation and application of a statute and its conclusions of law for correctness. *Langford v. State*, 2013 MT 265, ¶ 10, 372 Mont. 14, 309 P.3d 933.

¶7    Similar to the question of whether a prior conviction can be used to enhance a criminal sentence, whether a person has a duty to register as a sex offender is a question of law, which we review de novo for correctness. *See State v. Lund*, 2020 MT 53, ¶ 6, 399 Mont. 159, 458 P.3d 1043. When reviewing questions of constitutional law, including whether a person's due process rights were violated, "this Court reviews the district court's conclusion to determine whether its interpretation of the law was correct." *State v. Spady*, 2015 MT 218, ¶ 12, 380 Mont. 179, 354 P.3d 590.

4

## DISCUSSION

¶8  *1. Whether the District Court erred when it concluded that the proper avenue of relief from a duty to register as a sex offender in Montana was a petition for removal under § 46-23-506, MCA, and not a petition for a writ of prohibition.*

¶9  "The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board, or person exercising judicial functions when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person." *Kimble Props., Inc. v. State Dep't of State Lands*, 231 Mont. 54, 56, 750 P.2d 1095, 1096 (1988) (quoting § 27-27-101, MCA). This Court has a "strong disinclination to grant writs of prohibition." *Kimble Props., Inc.*, 231 Mont. at 56, 750 P.2d at 1096. A writ of prohibition is "justified by extreme necessity," *Bitterroot River Prot. Ass'n v. Bitterroot Conservation Dist.*, 2002 MT 66, ¶ 22, 309 Mont. 207, 45 P.3d 24 (citations omitted), and only available where there is not a "plain, speedy, and adequate remedy in the ordinary course of law." *Malta Irrigation Dist. v. Mont. Bd. of Health & Env't Scis.*, 224 Mont. 376, 379, 729 P.2d 1323, 1325 (1986) (quoting § 27-27-102, MCA). An alternative remedy "is neither speedy nor adequate if its slowness is likely to produce immediate injury or mischief." *Malta Irrigation Dist.*, 224 Mont. at 381, 729 P.2d at 1326 (citations omitted). A remedy is speedy when, on the other hand, "having in mind the subject matter involved, it can be pursued without expedition and without essential detriment to the party aggrieved." *Malta Irrigation Dist.*, 224 Mont. at 381, 729 P.2d at 1326 (citations omitted).

¶10  Before discussing the Montana Sexual or Violent Offender Registration Act (SVORA), we must first determine the year the applicable statutes were effective. In the

5

context of criminal laws, we apply "the law in effect at the time the crime was committed." *Med. Marijuana Growers Ass'n, Inc. v. Corrigan*, 2012 MT 146, ¶ 20, 365 Mont. 346, 281 P.3d 210. Although the DOJ made its determination based on the 2019 MCA, the applicable statutes are the 2015 MCA because those were the laws in effect at the time, per Cooper's admission, that he committed sexual assault. The applicable North Dakota statutes have not been amended since 2015 in any way which would affect the analysis below. *See* 1997 N.D. Laws ch. 122, § 3 (amending the definition of "Sexual Assault" to be gender neutral as it appears today); 2007 N.D. Laws ch. 123, § 2 (defining "Gross Sexual Imposition" the same as it appears today). We therefore add the year of the applicable statute when referring to any statute that is no longer current.

¶11 SVORA requires certain violent and/or sex offenders to register as a sexual or violent offender for their lifetime. Section 46-23-506, MCA. Failure to register may result in a conviction and sentence of up to five years imprisonment and a $10,000 fine. Section 46-23-507(1), MCA. A person having a duty to register as a sex offender may petition the sentencing court or a district court for relief from the registration requirement after ten years of registering in the case of a Level 1 offense or 25 years in the case of a Level 2 offense. Section 46-23-506(3), MCA. A court may grant the registrant's petition upon a finding that "the offender has maintained a clean record during their registration," "continued registration is not necessary for public protection[,] and that relief from registration is in the best interests of society." Section 46-23-506(3), MCA.

¶12 Here, Cooper had limited options to seek relief from the DOJ's determination that he must register as a sex offender. He could register as a sex offender, wait ten years, and

6

then petition a district court for relief under § 46-23-506(3), MCA, or he could seek a writ of prohibition from a district court before the DOJ sought to enforce the penalty for failing to register under § 46-23-507(1), MCA. As we explained in *State v. Hinman*, the registration requirements of SVORA, as amended since 2007, are punitive in nature:

> [U]nlike the pre-2007 SVORA, the law today places onerous, life-long affirmative restraints on registrants that significantly hinder their liberty and deprive them of privacy. These burdens and the scope of information collected are excessive in relation to the civil regulatory goal. Criminal conduct is undisputedly the trigger for the registry requirements, and the registry itself, by design, implicates a host of collateral consequences and encourages social stigma. These characteristics are emblematic of criminal punishment.

*State v. Hinman*, 2023 MT 116, ¶ 24, 412 Mont. 434, 530 P.3d 1271. Therefore, absent a writ of prohibition, Cooper would have had to subject himself to punitive registration requirements before petitioning a district court to be relieved of his duty to register. The DOJ points to no other statutory or administrative procedure whereby Cooper could seek relief from the DOJ's enforcement of its interpretation of § 46-23-502(9)(b), MCA (2015).

¶13 In contrast, in our previous cases where we denied a writ of prohibition there were administrative procedures in place, including judicial review, to protect the procedural due process rights of the party seeking a writ of prohibition. For example, in *Malta Irrigation Dist.*, multiple entities were competing for a single license. *Malta Irrigation Dist.*, 224 Mont. at 377, 729 P.2d at 1324. One of the entities petitioned the Board of Montana Health and Environmental Sciences for review of a certificate that had been issued to its competitors. *Malta Irrigation Dist.*, 224 Mont. at 379, 729 P.2d at 1325. The competitors responded by petitioning for a writ of prohibition to halt the Board's review. *Malta*

7

*Irrigation Dist.*, 224 Mont. at 379, 729 P.2d at 1325. We explained that although Montana had yet to adopt any formal rules applicable to the certification process, the Board was designated by the Legislature as "quasi-judicial" and was thus acting within its jurisdiction in adjudicating the dispute between the competitors. *Malta Irrigation Dist.*, 224 Mont. at 380, 729 P.2d at 1326. The right of judicial review of the Board's determination provided a plain, speedy, and adequate remedy thereby precluding a writ of prohibition. *Malta Irrigation Dist.*, 224 Mont. at 381, 829 P.2d at 1326.

¶14 Here, there is no statutory process for Cooper to contest the DOJ's determination that he had a duty to register as a sex offender and there is no comparable right to judicial review of the DOJ's determination. These circumstances necessitated Cooper petition for a writ of prohibition. Registering as a sex offender for ten years due to the DOJ's misapplication of § 46-23-502(9)(b), MCA (2015), and then petitioning for relief "is neither speedy nor adequate," as it would subject Cooper to the punitive nature of SVORA even though the original sentencing court did not impose a registration requirement. Furthermore, as this case demonstrates, there is no administrative procedure providing for judicial review for a person to contest the DOJ's determination that they have a duty to register as a sexual or violent offender based on a conviction from a foreign jurisdiction. A person with less sophistication or resources than Cooper may not have known how to contest the DOJ's determination in a district court. Because the determination that a person has a duty to register as a sex offender as a result of a foreign judgment is always a conclusion of law—based on the interpretation and application of statutes—the proper avenue for the DOJ to raise an allegation such as it did against Cooper is by petitioning a

district court so that a court of law may make this conclusion, not an agency of the executive branch. Certainly, had Cooper been required to register in North Dakota, then the DOJ could have pursued in Montana a failure to register allegation under the terms of SVORA. But those are not the circumstances present here. The DOJ, without any judicial oversight, sought to require Cooper to register and be subject to the terms of SVORA. Accordingly, a writ of prohibition was an appropriate vehicle to review the DOJ's actions.

¶15 *2. Whether the District Court erred in relying on allegations not proved beyond a reasonable doubt or admitted by the defendant when it concluded that Cooper had a duty to register as a sex offender.*

¶16 This issue comes to this Court as a matter of first impression. We have not determined whether a Montana court may consider charging documents, in addition to the elements of the offense, when determining whether another jurisdiction's law is reasonably equivalent to an offense requiring registration as a sex offender. Analogous federal case law, though, provides applicable constitutional principles because the United States Supreme Court has determined what materials a sentencing court may consider, in addition to the elements of an offense, when considering whether certain sentencing enhancements should apply. Because the registration requirements of SVORA, as amended since 2007, are punitive in nature, as we held in *Hinman,* federal precedent regarding sentencing enhancements is instructive on this issue. *See Hinman*, ¶¶ 18-26 (describing the punitive nature of SVORA, post-2007).

¶17 Both the Montana Constitution and the United States Constitution guarantee the right to a jury trial. U.S. Const. amend. VI; Mont. Const. art. II, § 26. The federal "Due Process Clause protects the accused against conviction except upon proof beyond a

9

reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970). As the United States Supreme Court instructs, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Descamps v. U.S.*, 570 U.S. 254, 269, 133 S. Ct. 2276, 2288 (2013) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2262-63 (2000)). This is so because "[t]he Sixth Amendment contemplates that a jury—not a sentencing court—will find such facts, unanimously and beyond a reasonable doubt." *Descamps*, 570 U.S. at 269, 133 S. Ct. at 2288. The elements of an offense are the only facts that a court can be confident the jury so found beyond a reasonable doubt. *Descamps*, 570 U.S. at 269-70, 133 S. Ct. at 2288. As the Court explained in *Apprendi*:

> This concern [with the degree of criminal culpability assessed by a guilty verdict] flows not only from the historical pedigree of the jury and burden [of proof] rights, but also from the powerful interests those rights serve. The degree of criminal culpability the legislature chooses to associate with particular, factually distinct conduct has significant implications both for a defendant's very liberty, and for the heightened stigma associated with an offense the legislature has selected as worthy of greater punishment.

*Apprendi*, 530 U.S. at 495, 120 S. Ct. at 2365.

¶18     The ultimate inquiry is: "does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Apprendi*, 530 U.S. at 494, 120 S. Ct. at 2365. In *Apprendi*, the parties entered into a plea agreement resulting in two convictions for possession of a firearm for an unlawful purpose and one conviction for unlawful possession of an antipersonnel bomb. *Apprendi*, 530 U.S. at 469-70, 120 S. Ct.

10

at 2352. After accepting the three guilty pleas, the trial judge held an evidentiary hearing on whether Apprendi was motivated by racial animus when he fired several .22-caliber bullets into his neighbor's home. *Apprendi*, 530 U.S. at 469-71, 120 S. Ct. at 2351-52. The trial judge found by a preponderance of the evidence "that the crime was motivated by racial bias" and Apprendi acted "with a purpose to intimidate" in violation of New Jersey's hate crime statute. *Apprendi*, at 530 U.S. at 471, 120 S. Ct. at 2352. The sentencing court then imposed an enhanced sentence based on this finding. *Apprendi*, 530 U.S. at 471, 120 S. Ct. at 2352. The Court held that the Due Process Clause of the Fourteenth Amendment of the United States Constitution requires that factual determinations resulting in an increase in the maximum sentence for a violation of a state statute must be made by a jury on the basis of proof beyond a reasonable doubt. *Apprendi* 530 U.S. at 476, 120 S. Ct. at 2355.

¶19     Here, similar to *Apprendi*, the DOJ seeks to establish an essential fact, the age of the victim, under a lesser standard of proof—probable cause—than the required burden of proof beyond a reasonable doubt or by the defendant's own admission and thus impose a harsher sentence than the court in North Dakota actually imposed upon Cooper. The Due Process Clause of the Fourteenth Amendment requires that the trial court establish every essential fact of Cooper's offense by a jury's finding of proof beyond a reasonable doubt or by Cooper's own admission. To be sure, the allegations in the Information filed by the State of North Dakota are egregious yet, as the *Apprendi* line of cases makes clear, the Fourteenth Amendment prohibits states from imposing criminal sentences upon mere probable cause. *Apprendi*, 530 U.S. at 476, 120 S. Ct. at 2355; *Blakely v. Washington*,

11

542 U.S. 296, 303, 124 S. Ct. 2531, 2537 (2004) ("[o]ur precedents make clear, however, that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*") (emphasis in original); *Shepard v. United States*, 544 U.S. 13, 25, 125 S. Ct. 1254, 1262 (2005) ("the Sixth and Fourteenth Amendments guarantee a jury standing between a defendant and the power of the State, and they guarantee a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence"). Cooper disputed the allegations in the Information filed in the Northwest Judicial District of North Dakota and continues to deny them here on appeal. The State of North Dakota had the burden of proof beyond a reasonable doubt of establishing the age of the victim and instead chose to enter into a plea agreement with Cooper which did not establish the age of Jane Doe nor require that he register as a sex offender. In his plea agreement, Cooper admitted to having inappropriate contact with Jane Doe and that he had reasonable cause to believe that the contact was offensive to that person. He did not admit to the age of Jane Doe.

¶20    The DOJ suggests that the Court adopt the "modified categorical" approach previously employed by the Ninth Circuit[1] and therefore examine the underlying facts of an offense to determine the age of the victim and cites to *U.S. v. Mi Kyung Byun*, 539 F.3d 982 (9th Cir. 2008) in support. There are two critical distinctions between *Byun* and the instant case. First, the defendant in *Byun* admitted to knowing that the victim was

---

[1] *U.S. v. Cabrera-Guitierrez*, 756 F.3d 1125, 1134 (9th Cir. 2014) ("[w]hile our previous case law might have permitted the district court's approach—known as the 'modified categorical approach'—in this case [where there is an indivisible statute], we conclude that *Descamps* now forecloses it.")

seventeen at the time of the offense in her plea agreement and thus was required to register as a sex offender under the federal Sex Offender Registration and Notification Act (SORNA). *Byun*, at 983-84. In contrast, Cooper did not admit to the age of Jane Doe in his plea agreement. Second, the Ninth Circuit, as well as the majority of other Circuits who have examined the issue, have determined that the federal SORNA registration requirements are non-punitive. *U.S. v. Elkins*, 683 F.3d 1039, 1045, n.7 (9th Cir. 2012) (collecting cases). Conversely, as mentioned above, the Montana SVORA registration requirements are punitive in nature and thus impose enhanced punishment upon a defendant based on elements of an offense which must be proved beyond a reasonable doubt by a jury or admitted to by the defendant. *See Hinman*, ¶¶ 18-26.

¶21 Additionally, the United States Supreme Court chastised the Ninth Circuit for applying its "modified categorical" approach in *U.S. v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011). *Descamps*, 570 U.S. at 269, 133 S. Ct. at 2288 ("the Ninth Circuit's ruling flouts our reasoning—here, by extending judicial factfinding beyond the recognition of a prior conviction"). The Court explained that the "modified categorical approach merely assists the sentencing court in identifying the defendant's crime of conviction, as we have held the Sixth Amendment permits." *Descamps*, 570 U.S. at 269, 133 S. Ct. at 2288. Courts may apply the "modified categorical" approach:

> when a prior conviction is for violating a so-called "divisible statute." That kind of statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to

13

determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

. . .

[W]e hold that sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements.

*Descamps*, 570 U.S. at 257-58, 133 S. Ct. at 2281-82. Although *Descamps* concerned statutory interpretation, the Court contemplated the "serious Sixth Amendment concerns" of judicial factfinding "beyond merely identifying a prior conviction." *Descamps*, 570 U.S. at 269, 133 S. Ct. at 2288.

¶22 Here, Cooper plead guilty in North Dakota to Sexual Assault. Section 12.1-20-07(1)(a), N.D. Cent. Code, defines Sexual Assault as: "[a] person who knowingly has sexual contact with another person . . . [and] [t]hat person knows or has reasonable cause to believe that the contact is offensive to the other person." The statute contains four elements: (1) a person knowingly (2) has sexual contact with another person (3) they know or have reasonable cause to know, and (4) that the contact is offensive to the other person. None of these elements are divisible. The third element—know *or* reasonable cause to know—is the only arguably divisible element but is completely immaterial to whether Cooper has a duty to register as a sex offender. There is no issue, such as whether the crime was committed in a building or an automobile, requiring the "modified categorical" approach to determine what crime was actually committed. *Descamps*, 570 U.S. at 257-58, 133 S. Ct. at 2281-82. North Dakota's Sexual Assault offense consists of a single,

14

indivisible set of elements and, therefore, is inappropriate for a "modified categorical" approach when determining whether it is reasonably equivalent to another statute.

¶23 The DOJ further appears to suggest that Cooper bears the burden of proving that the age and identity of the Jane Doe described in the Information are different than the age and identity of the Jane Doe described in Cooper's plea agreement. Such an approach, though, would impermissibly shift the burden of proof from the prosecution to the defendant. *See State v. Scott*, 2020 MT 178, ¶ 17, 400 Mont. 394, 467 P.3d 595 ("[i]t is the State who must prove that a previous conviction involved sexual or violent conduct" for the purpose of Persistent Felony Offender (PFO) designation); *Sandstrom v. Montana*, 442 U.S. 510, 99 S. Ct. 2450 (1979) (jury instruction which may have been reasonably interpreted to create a conclusive presumption or shift the burden of persuasion onto the defendant violated the Fourteenth Amendment).

¶24 Accordingly, we conclude that the District Court erred when it relied on allegations not proved beyond a reasonable doubt or admitted by Cooper when it determined that Cooper had a duty to register as a sex offender.

¶25 *3. Whether N.D. Cent. Code § 12.1-20-07, "Sexual Assault," is reasonably equivalent to a "Sexual Offense" as defined by § 46-23-502(9)(a), MCA (2015), for the purpose of imposing a duty to register as a sex offender.*

¶26 Apart from constitutional concerns, the text of SVORA directs courts to compare the "law" of another jurisdiction, not the underlying allegations, to Montana's statutes requiring registration. Section 46-23-502(9)(b), MCA (2015), provides that a person must register as a sex offender for "any violation of a *law* of another state, tribal government, or the federal government that is reasonably equivalent to a *violation listed in subsection*

15

*(9)(a)*." (emphasis added). "In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. Additionally, § 46-1-401(1)(d), MCA, provides that "[a] court may not impose a penalty enhancement specified in . . . Title 46, or any other provision of law unless: . . . a defendant who knowingly and voluntarily pleaded guilty to an offense and also admitted to the enhancing act, omission, or fact." The statutory text, therefore, prohibits a court from basing its determination as to whether a person has a duty to register as a sex offender on allegations not proved to a jury beyond a reasonable doubt or admitted by a defendant.

¶27 When determining whether two statutes are reasonably equivalent, this Court compares the elements of each statute to ascertain if one statute contains essential elements not included in the other statute. *Scott*, ¶¶ 9-13. In *Scott*, this Court examined whether Montana's statute for robbery was reasonably equivalent to the federal robbery statute in the context of a PFO designation. We explained that robbery under Montana law requires either a violent act, or threat of a violent act, or theft plus another felony, whereas bank robbery under the federal statute only requires a felony to be committed in a bank. *Scott*, ¶ 13. Thus, a person could commit federal robbery by entering "a bank with the intent to steal a $1,600 watch from a safety deposit box[,]" which does not include the necessary "violent act, or threat of a violent act, or theft" plus another felony. *Scott*, ¶ 13. We therefore concluded that the two statutes were not reasonably equivalent and that the district court lacked the authority to impose a PFO designation upon Scott because "[a] district court 'has no power to impose a sentence in the absence of specific statutory

16

authority.'" *Scott*, ¶ 15 (quoting *State v. Beam*, 2020 MT 156, ¶ 9, 400 Mont. 278, 465 P.3d 1178).

¶28 Here, § 46-23-502(9)(b), MCA (2015), defines a sexual offense requiring registration as a sex offender as "any violation of a law of another state . . . that is reasonably equivalent to a violation listed in subsection (9)(a) or for which the offender was required to register as a sexual offender after an adjudication or conviction." Subsection (9)(a) lists several sexual offenses, including the only relevant subsection here, § 45-5-502(3), MCA (2015), (Sexual Assault) which addresses "if the victim is less than 16 years of age and the offender is 3 or more years older than the victim." Thus, in addition to the elements of Sexual Assault, the victim must be less than 16 years old and the offender must be three or more years older than the victim for a person to have a duty to register as a sex offender arising from a conviction for this offense. A lesser offense under § 45-5-502(1), MCA (2015), is Sexual Assault, which does not invoke the registration requirement in Montana. "A person who knowingly subjects another person to any sexual contact without consent commits the offense of sexual assault." Section 45-5-502(1), MCA (2015). Therefore, for a statute to be reasonably equivalent to § 45-5-502(3), MCA (2015), it must include all the following elements: (1) knowingly subjects another person (2) to sexual contact (3) without consent (4) the victim is less than 16 years of age and (5) the offender is three or more years older than the victim.

¶29 Although Cooper was originally charged with Gross Sexual Imposition, a felony, under N.D. Cent. Code § 12.1-20-03, which has similar elements to those required under § 45-5-502(3), MCA (2015), thus implicating the duty to register under § 46-23-502(9)(b),

17

MCA (2015), that is not the offense of which he was convicted. Instead, he pled guilty to Sexual Assault, a misdemeanor, under N.D. Cent. Code § 12.1-20-07(1)(a) and admitted that he "had inappropriate contact with Jane Doe and had reasonable cause to believe that the contact was offensive to that person." At a hearing before the District Court, Cooper disputed the allegation in the charging document that the victim was under the age of 16. As stated above, N.D. Cent. Code § 12.1-20-07(1)(a) contains four elements: (1) a person knowingly (2) has sexual contact with another person (3) they know or have reasonable cause to know (4) that the contact is offensive to the other person.

¶30     Under Montana law, Sexual Assault contains elements reasonably equivalent to "knowingly" and "has sexual contact with another person" because it requires "knowingly subject[ing] another person to sexual contact." Section 45-5-502(1), MCA (2015). In 2015, Montana defined "without consent" as when "the victim is compelled to submit by force against the victim or another" or when the victim is incapable of consent due to various enumerated circumstances, none of which are described as "an offensive contact." Section 45-5-501, MCA (2015). We need not determine whether North Dakota's "offensive contact" is reasonably equivalent to "without consent" as defined by Montana law in 2015 because North Dakota's statute does not contain an age element in its offense. The additional age element in § 45-5-502(3), MCA (2015)—which is not present in N.D. Cent. Code § 12.1-20-07(1)(a)—proves dispositive. Although Montana's definition of Sexual Assault contained at § 45-5-502(1), MCA (2015), appears to be reasonably equivalent to North Dakota's definition of Sexual Assault contained at N.D. Cent. Code § 12.1-20-07(1)(a), for purposes of registration in Montana under SVORA, there is no

18

requirement to register unless the victim is less than 16 years of age. Sections 45-5-502(3) and 46-23-502(9)(a) MCA (2015). The relevant inquiry is whether N.D. Cent. Code § 12.1-20-07(1)(a) is reasonably equivalent to § 45-5-502(3), MCA (2015), requiring the victim to be less than 16 years of age, not § 45-5-502(1), MCA (2015), which has no age requirement. Therefore, North Dakota's Sexual Assault offense is not reasonably equivalent to Montana's Sexual Assault offense described in §§ 45-5-502(3) and 46-23-502(9)(a), MCA (2015). Because Cooper never admitted to the age of the victim and the State of North Dakota did not prove this allegation beyond a reasonable doubt to a jury, the District Court lacked the authority to consider this allegation in its determination that Cooper had a duty to register as a sex offender. Accordingly, the District Court erred when it concluded, based on information beyond Cooper's plea agreement, plea colloquy, and the judgment against him, that N.D. Cent. Code § 12.1-20-07(1)(a) is reasonably equivalent to § 45-5-502(3), MCA (2015), which triggers the duty to register under § 46-23-502(9)(a), MCA (2015).

## CONCLUSION

¶31 The District Court erred in its interpretation of § 27-27-101, MCA, because there is no statutory or administrative procedure for Cooper to contest the DOJ's incorrect determination that he had a duty to register as a sex offender. Since the determination of whether a person has a duty to register as a sex offender because of a foreign judgment is always a conclusion of law, the proper procedure is for the DOJ to file an action in district court and properly serve the person it has determined to have a duty to register. Montana courts may not consider allegations not proved to a jury beyond a reasonable doubt or

19

admitted to by a defendant when determining whether a person has a duty to register as a sex offender. Section N.D. Cent. Code 12.1-20-07(1)(a) is not reasonably equivalent to § 45-5-502(3), MCA (2015), which triggers the duty to register under § 46-23-502(9)(a), MCA (2015). Reversed and remanded for further proceedings consistent with the Opinion herein.

/S/ LAURIE McKINNON

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M. BIDEGARAY
/S/ BETH BAKER
/S/ INGRID GUSTAFSON